# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. MICHAEL COLVIN

**Appeal as of Right from the Criminal Court for Johnson County**
**No. 2471     Lynn W. Brown, Judge**

---

**No. E2000-00701-CCA-R3-CD**
**April 30, 2001**

---

The appellant, Michael Colvin, pled guilty in the Johnson County Criminal Court to one count of possession of an explosive device, a class A misdemeanor, and to one count of reckless endangerment, a class A misdemeanor. The judgments as entered by the trial court incorrectly classify the appellant as a Range I standard offender and impose two consecutive sentences of eleven months and twenty-nine days in the Johnson County Jail. The judgments further order that the appellant serve thirty percent (30%) of his sentences before becoming eligible for "program work release." The trial court suspended service of both the appellant's sentences, placed him on probation, and imposed certain special conditions. Subsequently, the appellant pled guilty to the violation of his probation. The trial court revoked the appellant's probation and ordered the appellant to serve one hundred percent (100%) of his sentences in confinement. On appeal, the appellant raises the following issue for our review: whether the trial court erred by ordering the appellant to serve one hundred percent (100%) of his sentences in confinement pursuant to the appellant's probation revocation. Upon review of the record and the parties' briefs, we reverse the judgment of the trial court and remand for modification of the judgments consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Remanded for Modification of the Judgments.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR.,J., joined. DAVID G. HAYES, J., filed a dissenting opinion.

Steve McEwen, Mountain City, Tennessee; David F. Bautista and Ivan M. Lilly, Johnson City, Tennessee, for the appellant, Michael Colvin.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; David Crockett, District Attorney General; and Steve Finney, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual Background

The appellant, Michael Colvin, pled guilty in the Johnson County Criminal Court to one count of possession of an explosive device, a class A misdemeanor, and to one count of reckless endangerment, a class A misdemeanor.[1] The judgments as entered by the trial court incorrectly classify the appellant as a standard Range I offender. The trial court sentenced the appellant to two consecutive sentences of eleven months and twenty-nine days in the Johnson County Jail and further ordered that the appellant serve thirty percent (30%) of his sentences in confinement before becoming eligible for work release or other rehabilitative programs. The trial court suspended service of both the appellant's sentences, placed him on probation, and imposed certain special conditions.

Subsequently, the appellant pled guilty to violating his probation by absconding. The trial court revoked the appellant's probation and ordered the appellant to serve one hundred percent (100%) of his sentences in confinement. On appeal, the appellant raises the following issue for our review: whether the trial court erred by ordering the appellant to serve one hundred percent (100%) of his sentences in confinement pursuant to the appellant's probation revocation.

## II. Analysis

The appellant contends that, pursuant to his guilty plea to violating his probation, the trial court inappropriately ordered him to serve one hundred percent (100%) of his sentences in confinement. Specifically, the appellant argues that the maximum term the trial court could have ordered him to serve before becoming eligible for "release" is thirty percent (30%), the percentage set by the trial court in the original judgments. The State agrees that the trial court erred by exceeding the percentage of incarceration imposed in the appellant's original judgments and specifically asks this court to remand for resentencing. Upon review of the issue, we agree that the trial court erred, but we reach our conclusion through different reasoning.

Initially we note that the judgments incorrectly classify the appellant as a standard Range I offender. As this court has found, "[t]he sentencing ranges established in Tennessee Code Annotated §§ 40-35-105 through 109 do not apply to misdemeanor sentences." State v. Lauren E. Leslie, No. 03C01-9804-CR-00125, 1999 WL 153773, at *4 (Tenn. Crim. App. at Knoxville, March 23, 1999), perm. to appeal denied, (Tenn. 1999); see Tenn. Code Ann. § 40-35-105 (1997), Sentencing Commission Comments. Accordingly, the appellant should not have been considered a standard Range I offender in determining the appropriate sentences for his misdemeanor convictions.

In misdemeanor sentencing, the trial court must first establish the length of the sentence(s) to be imposed. Tenn. Code Ann. § 40-35-302(b) (1997). In the present case, the trial court correctly imposed on the appellant two consecutive terms of eleven months and twenty-nine

---

[1] The record does not contain an explanation of the facts underlying the appellant's guilty pleas.

days incarceration in the Johnson County Jail, the maximum possible sentence for his two class A misdemeanor convictions. See Tenn. Code Ann. § 40-35-111(e)(1) (1997). After setting the length of the misdemeanor sentences,

> the court shall fix a percentage of the sentence which the defendant shall serve. After service of such a percentage of the sentence, the defendant shall be eligible for consideration for work release, furlough, trusty status and related rehabilitative programs.

Tenn. Code Ann. § 40-35-302(d). Moreover, "[t]he misdemeanor sentencing statute provides that the percentage of the sentence to be served in confinement before the defendant is eligible for rehabilitative programs shall not exceed 75 percent." State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999). Furthermore, the percentage shall be considered zero percent if there is no percentage indicated on the judgment. Id. This court has also noted that

> Section 40-35-302 contemplates that trial courts will treat separately the issues of "percentage" and probation. The trial court should state the percentage that applies and insert the figure into the appropriate percentage blank on the standard judgment form. Terms of probation should likewise be stated and reflected on the judgment form. Trial courts which express the term of probation but omit the percentage run the risk of the appellate court applying a zero percentage . . . with the result that the defendant may avoid any confinement through furlough or other "rehabilitative" programs, despite the court's attempt to allow probation only after a stated period of time is served in confinement.

State v. Scott Wyatt, No. M1998-00470-CCA-R3-CD, 1999 WL 1266338, at *6 (Tenn. Crim. App. at Nashville, December 29, 1999), perm. to appeal denied, (Tenn. 2000) (citation omitted). However, we have also found that

> [w]hen this court has been faced with a transcript of the sentencing hearing clearly indicating the trial court's intention that the defendant's percentage is not zero percent . . . we have deferred to the trial court's express pronouncement as reflected in the transcript.

Russell, 10 S.W.3d at 278.

In the instant case, the trial court suspended the appellant's sentences and granted the appellant probation, which the appellant subsequently violated. The judgments clearly reflect that the trial court's intention was that the appellant serve thirty percent (30%) of his eleven month and twenty-nine day misdemeanor sentences in confinement before becoming eligible for work release or other rehabilitative programs. However, when the trial court revoked the appellant's probation, it ordered the appellant to serve one hundred percent (100%) of his sentences in confinement.

In regard to probation revocations, Tenn. Code Ann. § 40-35-310 (1997) (emphasis added) provides that:

> [t]he trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such

-3-

suspension . . . to revoke and annul such suspension, and in such cases the *original judgment* so rendered by the trial judge shall be in full force and effect . . . .

Additionally, Tenn. Code Ann. § 40-35-311(d) (1997) (emphasis added) provides that,

[i]f the trial judge should find that the [appellant] has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the [appellant] to commence the execution of the judgment *as originally entered* . . . .

Thus, according to the language of Tenn. Code Ann. § 40-35-311(d), because the original judgments reflect that the appellant would be eligible for work release or other rehabilitative programs after service of thirty percent (30%) of his sentences, the trial court's revocation order requiring that the appellant serve one hundred percent (100%) of his sentences in confinement is clearly outside the scope of the trial court's authority. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999); see also Tenn. Code Ann. § 40-35-302(d) ("[t]he percentage [to be served in confinement] shall be . . . not in excess of seventy-five percent (75%)"). The trial court is authorized, upon the revocation of probation, to reinstate only the original sentence(s). See State v. Taylor, 992 S.W.2d 941, 945 (Tenn. 1999). We agree with the appellant and the State that the trial court erred in ordering the appellant to serve one hundred percent (100%) of his sentences in confinement instead of reinstating the original judgments ordering the appellant to serve thirty percent (30%) of his sentences before becoming eligible for work release or other rehabilitative programs.

In connection with this issue, we also note that Tenn. Code Ann. § 40-35-302(b) provides that "the [appellant] shall be responsible for the entire sentence" imposed by the trial court. Accordingly, although the appellant need only serve thirty percent (30%) of his sentences before becoming *eligible* for work release, furlough, or trusty status, "the administrative authority governing the rehabilitative program shall have the authority *in its discretion* to place the [appellant] in such programs as provided by law." Tenn. Code Ann. § 40-35-302(d) (emphasis added). Put another way,

[t]he percentage contemplated by subsection (d) does not establish a *per se*[] date for release from confinement altogether because release depends upon the future discretionary act of an administrative agency and, in any event, any release is part of a structured "rehabilitative program" and may only be partial or episodic in nature.

Leslie, No. 03C01-9804-CR-00125, 1999 WL 153773, at *4. In sum, the appellant is not guaranteed any form of release after serving thirty percent (30%) of his sentences.

### III. Conclusion

Based upon the foregoing, we reverse the judgment of the trial court and remand for modification of the judgments consistent with this opinion.

-4-

_____
NORMA McGEE OGLE, JUDGE