IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | **FOR PUBLICATION** |
| | ) | |
| Appellee, | ) | **FILED: June 7, 1999** |
| | ) | |
| v. | ) | GIBSON COUNTY |
| | ) | |
| RONNIE WILLIAM (BILLY) TAYLOR, | ) | HON. DICK JERMAN, JUDGE |
| | ) | |
| | ) | No. 02S01-9704-CC-00028 |
| Appellant. | ) | |
| | ) | (Burglary and Theft) |

**FILED**

June 7, 1999

**Cecil Crowson, Jr.
Appellate Court Clerk**

For the Appellant:

Tom W. Crider
District Public Defender
Trenton, Tennessee

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Michael E. Moore
Solicitor General

Michael J. Fahey, II
Assistant Attorney General
Nashville, Tennessee

**OPINION**

AFFIRMED IN PART;
REVERSED IN PART

BARKER, J.

We granted this appeal by Ronnie William (Billy) Taylor, the appellant, in order to address issues pertinent to the sentences he received in the trial court. In our review, however, we notice as plain error an invalid conviction that was imposed upon appellant for an offense that was not charged in the indictment.[1] Accordingly, for the reasons outlined below, we vacate the invalid burglary conviction and affirm the trial court's judgment as modified. The cause is remanded to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

This case has a long and tortured procedural history. On January 16, 1990, the appellant was indicted in case number 14075 for one count of Class D burglary and two counts of misdemeanor theft. Two months later, on March 16, 1990, appellant was indicted in a second case, number 14125, for Class D burglary and misdemeanor theft. On March 28, 1990, appellant pled guilty in both cases.

In case number 14075, although indicted for one burglary and two thefts, appellant received two (2) concurrent two-year sentences for two burglary convictions and a concurrent eleven-month, twenty-nine-day sentence for a single misdemeanor theft conviction. These sentences were to be served concurrent to the sentences in 14125. For case number 14125, appellant was sentenced to serve two (2) years for the burglary conviction and eleven (11) months and twenty-nine (29) days for the misdemeanor theft conviction, concurrent with each other and the sentences in 14075. Thus, the total effective sentence for both cases was two (2) years to be served in the Community Corrections program, as a Range I offender.

---

[1] While the appellant was indicted for misdemeanor theft, the judgment order reflects that he was convicted and sentenced for Class D burglary. As will be discussed, this is an invalid conviction.

Thereafter, on July 16, 1990, the appellant was indicted in case number 14180 for two counts of Class D theft. That same day, the trial court issued an order revoking the appellant's community corrections sentences in case numbers 14075 and 14125. The court ordered that the appellant be confined in the state penitentiary for four (4) years. The order was styled with both case numbers, but it did not specify whether the sentence was four years on each of the felony counts or a combination of concurrent and consecutive sentences totaling four years. Four days later, on July 20, 1990, the trial court issued a second order in "case number 14075 Burglary-2 counts." The order stated that the appellant was re-sentenced to serve four (4) years for each count, concurrent with each other, with confinement designated in the state penitentiary.

On September 26, 1990, the appellant pled guilty to the charges in case number 14180. He received a sentence of two (2) years for each count, concurrent to each other, but consecutive to cases 14075 and 14125. The trial court suspended these sentences and granted the appellant immediate probation.[2]

While he was in the Department of Correction for case numbers 14075 and 14125, the appellant attended and completed the boot camp program.[3] On March 17, 1991, the appellant was released from the boot camp program and placed on supervised probation for the remainder of his sentence. On September 9, 1994, a probation violation warrant was issued alleging that appellant had failed to make any

---

[2] Although appellant was granted probation on these charges, he remained incarcerated on his convictions in 14075 and 14125.

[3] The "Special Alternative Incarceration Unit Program" (known as "boot camp") is a program in which eligible defendants are placed in a special incarceration unit in lieu of confinement in a regular state penal facility. In such a unit, the defendant is required to participate for a period of ninety (90) days in an intensive regimen of work, exercise, military-type discipline and available treatment programs. If the defendant successfully completes the program, the defendant is released on probation for the balance of his or her original sentence. Should the defendant fail to comply with the terms and conditions of supervision, the release may be revoked by the original trial judge pursuant to Tenn. Code Ann. § 40-35-311. See Tenn. Code Ann. §§ 40-20-201 to -207.

restitution or pay any fees. As a result, on September 19, 1994, the trial court revoked the probation in all three cases and re-sentenced the appellant to six (6) years in the Community Corrections program.

Shortly after entering the Community Corrections program for the second time, the appellant again violated the conditions of his sentence. A revocation warrant was issued on October 13, 1994, based on new charges for assault, resisting arrest, disorderly conduct and public intoxication. On January 17, 1995, the trial court again revoked appellant's community corrections sentences and re-sentenced him to serve consecutive sentences of four (4) years in case 14075, four (4) years in case 14125 and two (2) years in case 14180. The total effective sentence was ten (10) years in the Department of Correction.

On February 27, 1995, appellant filed a motion for arrest of judgment alleging that the sentences in cases 14075 and 14125 had expired prior to the institution of probation revocation proceedings in September of 1994. Additionally, he filed a motion for correction and reduction of sentence in case number 14180, claiming that because the sentences in the prior cases had expired, the trial court had the authority only to sentence him to a maximum of six (6) years. The trial court denied both motions.

The Court of Criminal Appeals affirmed the trial court's judgment. The intermediate court concluded that the record was not sufficient to determine whether the prior sentences had actually expired, and therefore, presumed that the trial court's judgment was correct. The appellant now requests this Court to reverse the intermediate court's decision and find that his revocation was improper.

4

**I.**

Although not raised as an issue by the parties, there is clearly an invalid conviction in case number 14075. Ordinarily, this Court will not consider issues that are not raised by the parties. State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997); State v. Ogle, 666 S.W.2d 58, 60 (Tenn. 1984). However, if the error is plain on the face of the record, it is a proper consideration for an appellate court whether properly assigned or not. Walton, 958 S.W.2d at 727; Ogle, 666 S.W.2d at 60. An error affecting the substantial rights of the accused may be noticed at any time where necessary to do substantial justice. Tenn. R. Crim. P. 52(b); Walton, 958 S.W.2d at 727.

In case number 14075, the appellant was indicted for one count of burglary (Count I) and two counts of misdemeanor theft (Count II & III). However, the record reflects that he was convicted and sentenced for two counts of burglary and one count of misdemeanor theft. There is a substantial difference in the sentencing ranges for the two offenses. For a Range I offender, the sentence for Class D burglary is not less than two (2) years nor more than four (4) years, while the sentence for misdemeanor theft is not greater than eleven (11) months, twenty-nine (29) days. Tenn. Code Ann. §§ 40-35-111 (1990) & 40-35-112 (1990). The trial court sentenced appellant to a two-year sentence on the invalid burglary conviction.

Because the law requires that a conviction be premised upon a lawful charging instrument, and there is none for the second burglary conviction, we are obliged to notice the deficiency as plain error. The judgment order on Count II of 14075 is, when considered with the indictment, void. Accordingly, the judgment and sentence of burglary in Count II, case number 14075 are, therefore, vacated and dismissed. This

5

cause is remanded to the trial court with direction for it to enter a judgment of conviction and sentence for misdemeanor theft, the offense to which the appellant pled guilty.[4]

## II.

Appellant primarily contends that the sentences in cases 14075 and 14125 had expired prior to the institution of the revocation proceedings and, therefore, the revocation was improper. He argues that the Court of Criminal Appeals erred in its conclusion that the trial court's judgment was correct on the basis that the record was insufficient to determine whether the sentence had actually expired. We find that the record is sufficient to determine the issue and we affirm the trial court's judgment as modified herein.

When an accused seeks appellate review of an issue in this court, it is the duty of the accused to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal. Tenn. R. App. 24(b); State v. Bennett, 798 S.W.2d 783 (Tenn. Crim. App. 1990) cert. denied, 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991). While we acknowledge that the record is far less than ideal, it provides a sufficient amount of information to determine this issue.

The time a defendant spends on probation is not counted toward the completion of his or her sentence unless a defendant successfully completes the entire term of probation. If a defendant violates the terms of his or her probation

---

[4] Because the invalid sentence was to be served concurrent to the other counts in 14075 and the sentences in 14125, the removal of this invalid conviction does not reduce appellant's total effective sentence.

6

within the maximum time ordered by the trial court, the court can revoke the probation and reinstate the entire original sentence. See Tenn. Code Ann. §§ 40-35-310 (1990) & 40-35-311(d) (1990); State v. Duke, 902 S.W.2d 424 (Tenn. Crim. App. 1995).

It is clear from the record that appellant's sentence had not expired prior to the institution of the revocation proceedings. A four-year sentence will expire after service of 1460 days. There is evidence in the record to support 549 days of sentencing credits. Furthermore, appellant failed to complete a four-year term of probation. He did successfully complete a term of three years and 186 days of probation. However, he had not completed an entire four-year term of probation prior to the revocation proceedings. Clearly, the appellant has neither served all of his time nor successfully completed this term of probation.

Therefore, the appellant's sentence had not expired because he had neither served the entire four years nor successfully completed a four-year term of probation. This issue has no merit.

### III.

Nevertheless, in our review of the record, we agree with the appellant that the trial court erred when it increased his sentence to ten years at the final revocation hearing. While the revocation was proper, the trial court had no authority to increase the appellant's original sentence.

We begin our analysis of this issue by recognizing the distinction between the revocation of a community corrections sentence and a probation revocation. When a trial court revokes a community corrections sentence under the Tennessee Community Corrections Act of 1985, it has the authority to "resentence the defendant

7

to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(3) (1990); State v. Bowling, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997). However, when a trial court determines that a probation violation has occurred, it can only cause execution of the *original* judgment as it was originally entered. See Tenn. Code Ann. §§ 40-35-310 & 40-35-311(d) (emphasis added).

In July 1990, when appellant first violated the conditions of his sentence, the trial court revoked his community corrections sentences in case numbers 14075 & 14125. The trial court re-sentenced him to four (4) years in the Department of Correction on each count, concurrent with one another. Once he was transferred to the Department of Correction, the trial court lost jurisdiction. See Tenn. Code Ann. § 40-35-212(d) (1990); Bowling, 958 S.W.2d at 363. Thereafter, the Department of Correction placed him in the boot camp program and then on March 17, 1991, placed him on probation for the remainder of his sentence. When the Department of Correction placed the appellant on probation, the trial court regained jurisdiction to revoke his probation. See Tenn. Code Ann. § 40-20-206 (1997).

In September 1994, a probation violation warrant was issued against the appellant for the second time. The trial court revoked appellant's sentence and properly ordered that he serve a six-year sentence. See Tenn. Code Ann. § 40-35-311(d)[5].

---

[5] This code section provides:
> If the trial judge should find that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court, to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment *as originally entered . . . .*

(Emphasis added).

When the appellant violated the conditions of his sentence for a third time, the trial court increased his sentence to ten (10) years in the Department of Correction. Specifically, the trial court re-sentenced him to four years in case 14075, four years in case 14125 and two years in case 14180. All three sentences were ordered to be served consecutively. The trial court had no authority to increase the sentences or to run them consecutively rather than concurrently. See Tenn. Code Ann. §§ 40-35-310 & 40-35-311(d). Neither the Community Corrections Act nor the statutes dealing with probation authorize a court to impose a new sentence under the act after a defendant has partially served his sentence in the Department of Correction. Bowling, 958 S.W.2d at 364. The trial court had the authority to commence execution of the original judgment as it was originally entered, but it did not have the authority to increase the defendant's original sentence. See Tenn. Code Ann. §§ 40-35-310 & 40-35-311(d); Bowling, 958 S.W.2d at 364. Therefore, the maximum sentence available to the court was six (6) years in the state penitentiary. Accordingly, the amended judgment of conviction of the trial court should be modified to reflect an effective six-year sentence.

## CONCLUSION

While we find that the appellant's sentences had not expired prior to the institution of the revocation proceedings, the ten-year sentence imposed upon revocation of the alternative sentencing was improper. The proper sentence is six years in the Department of Correction. We affirm the trial court's judgment as modified. The cause is remanded to the trial court for correction of the improper judgment in case 14075 and the reinstatement of the six-year sentence.

Costs are assessed to the State of Tennessee.

9

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

Anderson, C.J.,
Drowota, Birch, Holder, JJ.