IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 5, 2000 Session

## STATE OF TENNESSEE v. STACEY PHILANDER BALDON

**Direct Appeal from the Criminal Court for Lauderdale County**
**No. 6755      Joseph H. Walker, Judge**

---

**No. W2000-00524-CCA-R3-CD - Filed February 12, 2001**

---

Defendant was convicted by a Lauderdale County jury of possession of 0.5 grams or more of cocaine with intent to deliver, a Class B felony, and possession of drug paraphernalia, a Class A misdemeanor. In addition, defendant entered a guilty plea to felony possession of a firearm, a Class E felony. He was sentenced as a Range II, multiple offender, and received concurrent sentences of twelve years, eleven months and twenty-nine days, and two years respectively. Defendant raises the following issues for our review: (1) whether the trial court erred by denying his motion to suppress evidence seized pursuant to the search warrant; (2) whether the trial court erred by denying his request for a severance of defendants; (3) whether the trial court erred in excluding the prior recorded testimony of his co-defendant; (4) whether the trial court improperly allowed the arresting officer to testify as to his opinion regarding the veracity of co-defendant's admission; (5) whether the jury pool was tainted by statements of a potential juror; and (6) whether the state improperly exercised its peremptory challenges. Upon our review of the record, we find defendant's allegations to be without merit; thus, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Rebecca S. Mills, Ripley, Tennessee, for the appellant, Stacey Philander Baldon.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant was convicted by a jury of possession of 0.5 grams or more of cocaine with intent to deliver and possession of drug paraphernalia. Additionally, he pled guilty to felony possession

of a firearm. Defendant received an effective sentence of twelve years. He now makes the following allegations in this appeal:

(1) the trial court improperly denied his motion to suppress the items seized during the execution of the search warrant;
(2) the trial court improperly denied his request for a severance of the defendants;
(3) the trial court improperly excluded prior recorded testimony of his co-defendant;
(4) the trial court improperly allowed the arresting officer to testify as to his opinion regarding the veracity of co-defendant's admissions;
(5) the jury pool was tainted by the statements of a potential juror; and
(6) the state improperly exercised its peremptory challenges.

After reviewing the record, we conclude defendant's allegations are without merit. The judgment of the trial court is affirmed.

## BACKGROUND

Officer John Thompson of the Lauderdale County Sheriff's Department set up a controlled buy of cocaine at the defendant's residence on January 19, 1999. Thereafter, a warrant to search the residence for cocaine and drug paraphernalia was obtained. On January 21, 1999, at approximately 5:00 p.m., the search warrant was served at defendant's mobile home where defendant, Mike Davis and a female were present. The following items were seized: a small bag of cocaine; a large bag which contained several smaller bags of cocaine; one piece of crack cocaine; a razor blade with cocaine residue; $902 primarily comprised of $10 and $20 bills; a box cutter with cocaine residue; and additional small, chunky pieces of cocaine. Additionally, a .25 caliber pistol was found under the defendant's mattress. The drugs and money were recovered in the master bath and kitchen of defendant's residence. A subsequent analysis revealed cocaine weighing 2.2 grams.

The defendant was indicted for possession of 0.5 grams or more of cocaine with intent to deliver, possession of drug paraphernalia, and felony possession of a firearm. The drug charges were severed from the felony weapons charge, and the defendant entered a guilty plea to felony possession of a firearm. At trial, defendant was convicted by a jury of possession of 0.5 grams or more of cocaine with intent to deliver and possession of drug paraphernalia.

**SUPPRESSION OF EVIDENCE**

Defendant claims that the affidavit, upon which the search warrant was based, did not establish a nexus between the place of the search, items sought to be found and the persons suspected of the criminal activity. Specifically, the defendant argues that the affidavit fails to allege that the controlled buy was outside defendant's residence, and the actual seller was someone other than the defendant. Furthermore, defendant contends that the officer's testimony revealed that he was not even sure the defendant was at the residence at the time of the transaction.

The trial court found that the affidavit supplied by Officer Thompson, based upon his observations of the underlying transaction, was adequate to support probable cause for the issuance of the warrant. Furthermore, the trial court held that the warrant was properly executed. Thus, defendant's motion was denied.

### A. Standard of Review

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this Court unless the evidence contained in the record preponderates against them. State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolves any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). However, this Court is not bound by the trial court's conclusions of law. State v. Simpson, 968 S.W.2d 776, 779 (Tenn. 1998). The application of the law to the facts found by the trial court is a question of law that this court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

### B. Search Warrant

Essential to the issuance of a search warrant is the neutral and detached judgment made by the issuing magistrate that probable cause exists. State v. Moon, 841 S.W.2d 336, 339 (Tenn. Crim. App. 1992). In State v. Longstreet, 619 S.W.2d 97 (Tenn. 1981), the Supreme Court, quoting from the Court of Criminal Appeals' opinion in the case, said that "facts providing a nexus between the crime and the [place] to be searched are a critical element that must be included in the affidavit." *Id.* at 99 (citing Whiteley v. Warden, 401 U.S. 560, 565-66, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971)). However, the nexus "may be established by the type of crime, the nature of the items, and the normal inferences where a criminal would hide evidence," as long as those inferences are based on facts set forth in the affidavit. State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993).

### C. Analysis

We find no reason to overturn the trial court's determination that the search warrant was based upon probable cause. The affidavit stated that the affiant, Officer Thompson, had probable

cause to believe contraband was located inside the defendant's residence. The affidavit stated that the informant, while under audio and visual observation, purchased within the past seventy-two hours, a controlled substance from an individual at the defendant's address. The affiant further stated the field test indicated that the controlled substance was cocaine. While the warrant did not specifically list the defendant as the seller for the underlying transaction, the affidavit did state that the transaction occurred on defendant's property, and the warrant listed defendant's address as the place to be searched.

Thus, under these circumstances, we conclude the trial court correctly found that the magistrate could have reasonably concluded that the cocaine was sold at the defendant's residence within seventy-two hours and was likely on the premises at the time of issuance of the search warrant. Thus, there was probable cause for issuance of the search warrant.

## II. SEVERANCE OF DEFENDANTS

Defendant contends he was prejudiced by the trial court's denial of his motion to sever his trial from co-defendant's trial. Specifically, defendant contends that he was prevented from introducing statements made by the co-defendant, in which the co-defendant took sole responsibility for the presence of the drugs at defendant's home. Defendant further contends he was deprived of control over his defense, trial strategy, cross-examination, and presentation of evidence. Defendant alleges the evidence against him was much weaker than the evidence against his co-defendant, and that defendant would likely have been acquitted in a separate trial.

### A. Standard of Review

Tenn. R. Crim. P. 14(c)(2)(i) and (ii) provide that the court shall grant a severance of defendants if deemed appropriate to promote a fair determination of the guilt or innocence of a defendant. The decision as to whether or not to grant a severance is left to the sound discretion of the trial judge, and this decision will not be disturbed unless the defendant is unfairly or unduly prejudiced. *See* State v. Coleman, 619 S.W.2d 112, 116 (Tenn.1981); State v. Woods, 806 S.W.2d 205, 211 (Tenn. Crim. App. 1990). Stated in another manner, a trial court will not be found to have abused its discretion in denying a severance unless the defendant was clearly prejudiced to the point that the trial court's discretion ended and the granting of a severance became a judicial duty. State v. Burton, 751 S.W.2d 440, 447 (Tenn. Crim. App. 1988) (citing Hunter v. State, 440 S.W.2d 1, 6 (Tenn. 1969)).

### B. Analysis

The defendant has failed to demonstrate that he was prejudiced by the trial court's ruling. Initially, we note that by operation of the Fifth Amendment's right against self-incrimination, the defendant could not have forced his co-defendant to testify and incriminate himself even if the

defendant had a separate trial. Secondly, the record reflects that the defendant successfully introduced the co-defendant's statements claiming sole ownership of the drugs.

Officers Morris and Thompson testified that during the execution of the search warrant, co-defendant stated, "whatever drugs you found are mine." Office Thompson further testified that at the preliminary hearing co-defendant testified under oath that he had cocaine; he brought the cocaine to the defendant's residence; and he took the cocaine into the bathroom where it was discovered by police. We conclude defendant's ability to control his defense, present evidence and cross-examine witnesses was not hindered by the joint trial.

We likewise reject defendant's argument that he could not introduce the co-defendant's preliminary hearing testimony. This testimony was admissible as former testimony since the declarant, the co-defendant, was considered "unavailable" at the trial due to his Fifth Amendment privilege. Tenn. R. Evid. 804(a)(1), (b)(1). Regardless, the jury heard about the preliminary hearing testimony from Officer Thompson.

We conclude this issue is without merit.

### III.  CO-DEFENDANT'S PRIOR TESTIMONY

Defendant claims his cross-examination of Officer Thompson was improperly limited by the trial court's ruling that the witness' memory could not be refreshed using the transcript of the co-defendant's testimony at the preliminary hearing. Defendant claims he should have been allowed to introduce the testimony of the co-defendant under Tenn. R. Evid. 804(b)(1), testimony made under oath by an unavailable declarant.

Officer Thompson testified he was present at the preliminary hearing and heard the testimony of the co-defendant. He testified that at the hearing the co-defendant stated under oath that the cocaine belonged to him; he brought the cocaine to the defendant's residence; and he took the cocaine into the bathroom where it was discovered by police.

Defendant attempted to refresh Officer Thompson's testimony with the transcript of the co-defendant's testimony at the preliminary hearing. Co-defendant's counsel objected to the use of the transcript to refresh the officer's recollection, claiming that it was inaccurate since a portion of the court's tape recording of the testimony had been erased. Defendant's counsel informed the court that she had also made a recording of the hearing and stated that she had supplemented the transcript with her unflawed taped recording of the testimony. The court sustained co-defendant's objection.

#### A.  Rule 804(b)(1)- Former Testimony of Unavailable Declarants

Tenn. R. Evid. 804(b)(1) provides that testimony given as a witness at another hearing of the same or different proceeding qualifies as an exception to the hearsay rule, if the party against whom

the testimony is now offered had both an opportunity and a similar motive to develop the testimony by direct, cross, or redirect examination. Furthermore, a witness who personally heard the declarant testify in the prior hearing may testify about what he or she heard, if the other requirements for allowing former testimony are satisfied. N. Cohen, *et al.,* Tennessee Law Of Evidence § 8.34 (2)(b) (4th ed. 2000).

## B. Analysis

Defendant never attempted to have the co-defendant declared unavailable for purposes of Rule 804(b)(1). It was only when Officer Thompson had trouble recalling the exact details of the co-defendant's admissions that defendant attempted to introduce the transcript to refresh the officer's recollection as to the exact testimony provided by the co-defendant. Co-defendant's counsel argued that the transcript was not accurate, and the trial court sustained the objection.

Documents reflecting former testimony admitted under Tenn. R. Evid. 804(b)(1) and documents used to refresh one's memory under Tenn. R. Evid. 612 are treated quite differently. Former testimony under Tenn. R. Evid. 804(b)(1) is substantive evidence and may include the actual transcript of the former proceeding. A document used to refresh one's memory is shown to the witness, taken back by the examiner and is not introduced into evidence. Tenn. R. Evid. 612, Advisory Commission Comments.

We, therefore, conclude the defendant did not attempt to introduce the co-defendant's preliminary hearing testimony pursuant to Tenn. R. Evid. 804(b)(1). We further conclude the actual transcript could not be introduced pursuant to Tenn. R. Evid. 612. We also observe that, regardless, the jury was informed through the testimony of Officer Thompson that the co-defendant claimed at the preliminary hearing that the cocaine belonged to him; thus, any error would be harmless.

## IV. PERSONAL OPINIONS OF OFFICER THOMPSON

Defendant claims Officer Thompson was improperly allowed to testify as to his personal opinions regarding the truthfulness of the co-defendant's admissions. Officer Thompson testified that co-defendant asserted that the drugs found in the bathroom belonged to him. However, he further testified that he did not believe the drugs belonged to co-defendant, but rather all of the evidence at the scene indicated that the defendant was responsible for the drugs and the drug paraphernalia found in his residence.

The challenged testimony was elicited by the co-defendant's counsel, not the state, and there was no objection to the response. This issue is waived. State v. Kendricks, 947 S.W.2d 875, 885 (Tenn. Crim. App. 1996); Tenn. R. App. P. 36(a). Even if we considered the testimony to be improper, it was clearly harmless. Tenn. R. App. P. 36(b).

## V.  TAINTED JURY POOL

Defendant contends he was prejudiced by the trial court's pre-trial denial of his motion to sever offenses and the subsequent granting of the motion after *voir dire*.  The state contends the issue is waived.

Defendant filed a pre-trial motion to sever the weapons charge from the drug charge.  The trial court after hearing argument, stated "I guess I'm tentatively denying it until I can hear what the facts are."  An order was entered the same day denying the motion to sever the charges.  However, on the date of trial, an order was entered granting the severance.

Defendant contends that during *voir dire* the state asked the potential jurors if any of them knew the defendant, and one juror responded that she had seen the defendant at the jail while visiting her husband who was also incarcerated.  Defendant claims that he voiced no objection since the trial court had denied his motion to sever offenses.  However, defendant contends that, upon conclusion of the jury selection process, the trial court called a bench conference and announced that it would grant defendant's motion to sever offenses.

Defendant now alleges that because the jurors heard comments regarding defendant's incarceration in the county jail, the jury pool was tainted.  However, the defendant has failed to include in the record the transcript of the jury selection process and a transcript of the alleged bench conference.  Thus, we are unable to determine what transpired and are unable to determine whether defendant requested a mistrial.  This issue is waived.  Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999).

Regardless, if these remarks were made by the prospective juror, we conclude the defendant was not prejudiced.  At trial the arresting officer testified that certain items, including a .25 caliber automatic pistol, were found at defendant's home, and defendant was taken into custody.  The jury was aware that the defendant had been arrested and could have logically concluded the defendant was taken to the local jail where he was seen by the prospective juror.

## VI.  PEREMPTORY CHALLENGES

The defendant claims that the state improperly used its peremptory challenges to exclude African-Americans from the jury.  Specifically, defendant contends that the exclusion of jurors solely on the basis that they worked with the defendant amounted to purposeful discrimination against African-Americans.

The defendant has failed to include a transcript of the jury selection process in the record. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* Taylor, 992 S.W.2d at 944.  Thus, this issue is waived.

## CONCLUSION

Upon a thorough review of the record, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE