IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. STANLEY R. FINE

**Consolidated Appeal from the Circuit Courts for Bledsoe and Rhea Counties
No. 10799, 15432    Thomas W. Graham, Judge**

No. E2001-03177-CCA-R3-CD
No. E2001-02641-CCA-R3-CD
July 26, 2002

The Defendant, Stanley R. Fine, pled guilty to the offenses of burglary and aggravated burglary. His plea agreement provided that he would serve a four year sentence for the aggravated burglary, with one year to be served in the county jail and the balance of three years to be served in the community corrections program. With respect to the burglary charge, the plea agreement included an agreed sentence of four years to be served in the community corrections program consecutive to the sentence for aggravated burglary, resulting in an effective sentence of eight years. Following the Defendant's violation of the terms of his community corrections sentence, the trial court revoked the Defendant's community corrections status and ordered that the remainder of his sentence be served in the Department of Correction. The Defendant now appeals the trial court's ruling. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and NORMA McGEE OGLE, J., joined.

Cynthia A. Driver, Jasper, Tennessee, for the appellant, Stanley R. Fine.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

After serving one year in the county jail pursuant to the judgments entered against him on February 9, 2000, the Defendant was placed on community corrections status to complete the balance of his eight-year sentence. Approximately six months later, the Defendant's community corrections officer filed a warrant, asserting that the Defendant had violated the conditions of his sentence by failing a drug screen and failing to pay court costs and restitution. Six days later, the community corrections officer filed an addendum to the warrant, stating that the Defendant had failed to report to her new criminal activity in which he had been involved. After a hearing, the trial court found that

the Defendant had violated the terms of his community corrections sentence by failing to pass the drug screen and not reporting a new arrest to his officer. The judge ordered that the Defendant's community corrections status be revoked and that he serve the balance of his sentence in the Department of Correction. It is from this order that the Defendant now appeals as of right.

The trial court has the discretion to revoke a community corrections sentence upon a finding that the defendant has violated the conditions of the agreement. See Tenn. Code Ann. § 40-36-106(e)(4); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The court may then resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum provided for the offense committed, less any time actually served in any community-based alternative to incarceration. See Tenn. Code Ann. § 40-36-106(e)(4); State v. Taylor, 992 S.W.2d 941, 945 (Tenn. 1999).

The proof of a community corrections violation need not be established beyond a reasonable doubt; it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82-83. When revoking a community corrections sentence, the trial court must place its findings of fact and the reasons for the revocation on the record. See Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973).

The Tennessee Supreme Court has held that an abuse of discretion standard of appellate review should be used to address the revocation of a community corrections sentence. See Harkins, 811 S.W.2d at 82-83. Before a reviewing court is warranted in finding an abuse of discretion in a community corrections revocation, it must be established that the record contains no substantial evidence to support the conclusion of the trial court that the defendant violated the terms of the community corrections program. See id.

Mona Patton, the Defendant's community corrections supervisor, testified that after she administered a drug screen to the Defendant, "he admitted to smoking marijuana." Even after eight weeks of out-patient drug treatment, the Defendant again tested positive for marijuana and "admitted to that as well." On September 13, 2001, Ms. Patton filed her affidavit in support of the violation warrant against the Defendant. She further testified that the Defendant failed to report to her that he was arrested for domestic assault.[1] Based upon this violation, Ms. Patton filed the addendum to her affidavit on September 19, 2001.

The Defendant testified that he has taken prescription drugs in the past for psychiatric problems. He stated that he quit taking the medication because it made him sleepy and interfered with his work schedule. He testified that in lieu of his anxiety medication, he had smoked marijuana "about a half a dozen times since I've been home." However, when he was asked whether he felt he needed to continue smoking marijuana now that he is back on his medication, he responded, "I don't need to smoke it." When the Defendant was asked why he failed to report his arrest for

_____

[1]The charge against the Defendant for domestic assault was subsequently dismissed.

-2-

domestic assault to Ms. Patton, he said, "I didn't even think about it because it was throwed out and I did fail to report it to her."

After hearing the evidence, the trial court found that the Defendant had violated the terms of his community corrections sentence. The judge noted that the Defendant "is not very responsible about the way he conducts himself. He's getting into trouble and he's still doing his drugs and marijuana and all that sort of thing . . . I think he's had his chances."

The sole issue that the Defendant asserts on appeal is that his due process rights have been violated by the trial court revoking his community corrections status based upon his failure to pass a drug test.[2] The Defendant points us to State v. Wade, 863 S.W.2d 406 (Tenn. 1993). In Wade, our supreme court held that under Article I, Section 9 of the Tennessee Constitution, due process prohibits the revocation of probation based on an unidentified laboratory test admitted into evidence without a finding of good cause and proof of the reliability of the test report. Id. at 410. A probationer has the right to confront and cross-examine an adverse witness, such as the laboratory technician who performed or analyzed the test, unless the trial court finds good cause for not allowing the confrontation. Additionally, even if good cause is specifically shown for not requiring the appearance of the adverse witness, evidence must be presented that establishes the reliability of the test. See id. at 409.

We note that the Tennessee Supreme Court has equated a community corrections sentence with one of probation in terms of the same due process principles being applicable when deciding whether a revocation of the sentence was proper. See State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). Therefore the same due process concerns addressed in Wade exist with the revocation of a community corrections sentence.

However, this case is distinguishable from Wade. In Wade, the written result of a drug test was admitted into evidence over the defendant's objection. The State presented no other evidence in support of the petition for revocation other than the written report. The trial court, over the defendant's objection, relied solely on the report in making its decision to revoke the defendant's probation. See id. at 407. In this case, the Defendant's community corrections supervisor testified, without any objection from the Defendant, that she administered a drug test to him, which he failed. Tennessee Rule of Evidence 103(a)(1) requires that a timely objection be made to preserve an error, and Tennessee Rule of Appellate Procedure 36(a) requires that a party "take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Over a century ago, the Tennessee Supreme Court stated that parties "may admit illegal evidence, if they don't choose to

_____

[2]The Defendant mentions in his brief that "[T]he corrections officer admitted that she is a law enforcement officer of a type and that she did not advise Mr. Fine of any of his [constitutional] rights or that he could be revoked if he made any admissions to her." It is unclear from the Defendant's brief whether he is asserting that his officer had some duty to advise him of his Fifth Amendment right against self-incrimination before she questioned him regarding his failure to pass the drug screen. However, the Defendant has not cited any authority to support such a position. In any event, the point is moot because the Defendant took the stand and testified to the same subject matter, thereby bringing his admission properly before the trial court.

object.  If they do not want to admit it, they should object as soon as it is offered, or its illegality appears." Baxter v. State, 83 Tenn. (15 Lea) 657, 665 (1885).  More recently, our supreme court stated that "[w]hen a party does not object to the admissibility of evidence . . . the evidence becomes admissible notwithstanding any other Rule of Evidence to the contrary . . . ." State v. Smith, 24 S.W.3d 274, 280 (Tenn. 2000).  "[A] failure to object to otherwise inadmissible evidence will allow that evidence to be considered as if it were, in fact, fully admissible under the law of evidence." Id. By failing to object to the testimony of the community corrections officer that the Defendant had failed the drug test, the Defendant waived this issue.  However, even if not waived, this issue would not entitle the Defendant to relief.

Unlike the situation in Wade, the trial court's decision to revoke the Defendant's community corrections status in this case was not based solely upon the allegedly unreliable test results.  The Defendant admitted under oath that he had smoked marijuana on more than one occasion in violation of the terms of his community corrections sentence.  He also testified, as did Ms. Patton, that he had not reported to her the fact that he was arrested for domestic assault.  Therefore, there is ample evidence aside from the arguably unreliable results of the drug screen to support the trial court's finding that the Defendant violated the terms of his community corrections sentence.  We conclude that the trial court did not abuse its discretion in revoking the Defendant's community corrections status.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-4-