IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. ANTHONY LEE SMITH

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 232692      Rebecca J. Stern, Judge**

_____

**No. E2001-02333-CCA-R3-CD**
**August 9, 2002**
_____

A Hamilton County jury convicted the defendant of burglary and theft under $500. He received consecutive sentences of 10 years as a Range III offender and 11 months and 29 days, respectively. The defendant contends (1) the evidence was insufficient to support his convictions; (2) the trial court erred in allowing the state to present a property receipt into evidence in lieu of coins found in the defendant's possession; (3) the prosecutor made improper remarks during closing argument; and (4) the trial court erred in ordering consecutive sentences. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

John G. McDougal (at trial) and Melanie R. Snipes (on appeal), Chattanooga, Tennessee, for the appellant, Anthony Lee Smith.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William H. Cox, III, District Attorney General; and Dean C. Ferraro, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At 9:30 p.m. on February 2, 2000, Officer Damany Norwood of the Chattanooga Police Department went to Anderson's Fashion Fabrics to investigate a reported burglary. Officer Norwood observed a person inside the store "scattering around" as if trying to find a place to hide or exit the building. The glass front door was broken, and a brick was in front of the doorway. Norwood testified he saw the defendant exit through the front door. Norwood stated he chased the defendant and was able to keep sight of him until he arrested him. Norwood testified he found $15.90 in quarters, dimes, and nickels on the defendant. Norwood returned the defendant to the store.

The store's owner, Alton Anderson, came to the store after he was notified of the burglary. Both Norwood and Anderson testified the cash register drawer was open, and coins were scattered on the floor and counter. Anderson stated change appeared to be missing from the cash register. According to both men, the defendant apologized to Anderson for breaking into the store.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence was insufficient to support his convictions. Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

The defendant was convicted of burglary and theft of property. A person is guilty of burglary if he enters a building without the owner's effective consent with the intent to commit a theft. Tenn. Code Ann. § 39-14-402(a)(1). A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent. Tenn. Code Ann. § 39-14-103.

Officer Norwood testified he saw a hole in the store's glass door, a brick resting near the doorway, and a person inside the store "scattering around" in an apparent effort to hide or flee. According to Officer Norwood's testimony, the defendant fled out the front door of the store, and Officer Norwood kept the defendant in his sight until he was captured. Both the store's owner and the officer testified the store's cash register was open and coins were scattered. The owner testified it appeared coins were missing from the register. A large number of coins were found in the defendant's possession. Further, the defendant apologized for entering the store. In short, the defendant was caught "red-handed." We conclude this proof was more than sufficient to support the defendant's convictions for the burglary and theft. This issue is without merit.

## II. ADMISSION OF PROPERTY RECEIPT INSTEAD OF COINS

At trial, the state did not present the actual coins Officer Norwood found on the defendant at the time of his arrest; instead, a property receipt and an inventory were presented as exhibits to Officer Norwood's testimony that he found $15.90 in coins on the defendant. Officer Norwood testified he turned the coins over to the police department's property division, who put them in a safe. Norwood stated the police department would write a check to the owner of the coins rather than return them. The defendant argues the trial court erred in not requiring the state to produce the

coins. He also argues the property receipt was inadmissible hearsay, and the proper chain of custody was not established.

First, our review of the record shows the defendant expressly waived his hearsay objection in the trial court. By doing so, he cannot now change his position on appeal.

The defendant argued at trial, and also argues on appeal, that the coins were destroyed, thereby denying the defendant the right to a fair trial due to the destruction of the physical evidence. However, before the state has a duty to preserve evidence, the evidence must have exculpatory value. See State v. Ferguson, 2 S.W.3d 912, 917 (Tenn. 1999). The defendant has made no showing that the coins in the instant case had exculpatory value.

The defendant further contends on appeal the state did not establish a proper chain of custody for the property receipt. There was no objection on this basis at trial; the issue is waived. *See* State v. Dooley, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000). Even if the trial court erred by admitting the receipt, such an error clearly did not affect the result of the trial to the defendant's prejudice. *See* Tenn. R. App. P. 36(b).

## III. PROSECUTOR'S CLOSING ARGUMENT

The defendant maintains the prosecutor made improper remarks during his closing argument. The prosecutor told the jury, "When you go back to the jury room, all of you check your pockets and see how much change you have in your pocket. I'll bet you no one probably has more than two dollars in change in their pocket." The record shows there was no objection to this statement. Therefore, this issue has been waived. State v. Farmer, 927 S.W.2d 582, 591 (Tenn. Crim. App. 1996).

Further, the test for reviewing prosecutorial misconduct is whether improper conduct affected the verdict to the defendant's prejudice. State v. Zirkle, 910 S.W.2d 874, 888 (Tenn. Crim. App. 1995). The courts should consider the following factors in determining whether the verdict was affected: (1) the alleged improper conduct in light of the facts and circumstances of the case; (2) curative measures taken by the court and the prosecutor; (3) the prosecutor's intent in making an improper statement; (4) the cumulative effect of improper conduct and other errors in the record; and (5) the relative strength or weakness of the case. *Id*. Even if the prosecutor's remarks in this case were improper, the strength of the evidence against the defendant and lack of other errors makes it unlikely that the remarks affected the verdict. This issue is without merit.

## IV. CONSECUTIVE SENTENCING

The defendant complains the trial court erred in ordering consecutive sentencing. First, we note the record does not contain the transcript of the sentencing hearing. It is the duty of the accused

to provide a record which conveys a fair, accurate and complete account of what transpired with regard to an issue which forms the basis of the appeal. Tenn. R. App. P. 24(b); *see* <u>State v. Taylor</u>, 992 S.W.2d 941, 944 (Tenn. 1999). For this reason, the issue has been waived.

Regardless of this waiver, we find ample evidence in the presentence report to reveal the trial court did not abuse its discretion in ordering consecutive sentencing. Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that "[t]he defendant is an offender whose record of criminal activity is extensive. . . ." Tenn. Code Ann. § 40-35-115(b)(2). The presentence report, which is contained in the record, shows the defendant had at least seven prior felony convictions and numerous prior misdemeanor convictions. We conclude this evidence was sufficient to justify consecutive sentencing due to the defendant's extensive criminal history.

Finding no error in the judgment of the trial court, we affirm.

_____
JOE G. RILEY, JUDGE