# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 4, 2003

## STATE OF TENNESSEE v. STEVEN BRIAN WOOLEY

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-362      Roy B. Morgan, Jr., Judge**

---

### No. W2003-00976-CCA-R3-CD  - Filed December 11, 2003

---

A Madison County jury convicted the defendant, Steven Brian Wooley,[1] of theft of property over $10,000.  The trial court sentenced him to four years in confinement as a Range I standard offender. On direct appeal, the defendant contends he received ineffective assistance of counsel at trial.  We affirm the judgment of the trial court

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

William D. Vaughn, Jackson, Tennessee (on appeal); and Michael L. Frayser, Memphis, Tennessee (at trial), for the appellant, Steven Brian Wooley.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Because sufficiency of the evidence is not an issue on appeal, we will briefly discuss the testimony at trial.  On July 12, 1998, Hughie Howard Rogers and his wife returned to their residence in Henderson, Tennessee, from an overnight camping trip to discover Rogers' 1992 black Chevrolet "dually" pickup truck missing from his driveway.  Rogers testified he did not know the defendant and only recognized him from the various court proceedings relating to the case.

Joe Douglas Smith testified that in October 1998, he sold a motor and transmission from a Z-28 Camero to the defendant for $700.  Smith stated that instead of paying him in cash, the defendant

---

[1]The defendant's first name is spelled "Stephen" in some of the pleadings.  We use the spelling that appears in the indictment.

agreed to give him the black Chevrolet pickup truck, which did not have a motor, in order to settle the debt. Smith further stated he was "leery" of the agreement and believed that the truck may have been stolen. Smith stated he subsequently sold the vehicle to Buddy Jones, whom Smith later learned was working as a confidential informant for the Tennessee Highway Patrol.

Thomas Wooley, the defendant's brother, testified that in December 1998, he discovered the 1992 black Chevrolet pickup truck parked behind his residence. He stated the defendant had earlier informed him that someone planned to park a vehicle at his residence.

Investigator Jim Melton of the Tennessee Highway Patrol testified that during his investigation of the case, he obtained a statement from the defendant. According to the defendant's statement, a man told him that because he and his wife were experiencing marital difficulties, he wanted to either "park" his vehicle or "get rid" of it and collect the insurance proceeds. The defendant told the man that he could park his truck at Wooley's residence where the vehicle remained for eight to nine months. The defendant stated that when he learned the vehicle had previously been reported stolen, he then gave the vehicle to Smith. Investigator Melton offered to allow the defendant to act as a confidential informant to obtain a statement from Rogers; the defendant declined.

The defendant testified he and Rogers were regular patrons at BJ's Bar, and he had known Rogers since 1997 or 1998. The defendant testified that on one occasion, while they were at BJ's Bar, Rogers informed him that he was experiencing marital problems and wanted to store his vehicle. The defendant then provided Rogers with directions to the Wooley residence.

The jury convicted the defendant of theft of property over $10,000, a Class C felony. *See* Tenn. Code Ann. § 39-14-105(4).

## WAIVER

The defendant contends he received ineffective assistance of counsel at trial due to trial counsel's failure to present Holly Praytor as a witness. This court has noted that raising a claim of ineffective assistance of counsel on direct appeal is "fraught with peril." State v. Blackmon, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001). The same standard applies to claims of ineffective assistance of counsel raised on direct appeal as those claims raised in a post-conviction proceeding. State v. Honeycutt, 54 S.W.3d 762, 767 n.5 (Tenn. 2001). Therefore, the defendant bore the burden in the trial court to prove the allegations by clear and convincing evidence in order to obtain relief. *Id.* We are required to affirm the trial court's findings unless the defendant proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

In order to prove ineffective assistance of counsel, the defendant must prove that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The

Tennessee Supreme Court has also applied this standard to the right to trial counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In his brief, the defendant states Holly Praytor testified at the motion for new trial hearing; however, the state contends Praytor did not testify at the hearing. We are unable to resolve this conflict due to the defendant's failure to include the transcript of the hearing in the appellate record. The record does contain Praytor's affidavit, which was attached to the motion for new trial. In the affidavit, Praytor represents that had she testified at trial, she would have stated that the defendant and Rogers knew each other from visiting BJ's Bar. However, submission of Praytor's affidavit alone was insufficient to establish that trial counsel's failure to present her as a witness at trial amounted to ineffective assistance of counsel. *See* State v. Ricky Brandon, et al., No. M2002-00073-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 864, at *8 (Tenn. Crim. App. Oct. 15, 2002, at Nashville) (concluding the use of affidavits at a motion for new trial hearing is insufficient alone to establish ineffective assistance of counsel by clear and convincing evidence), *perm. to app. denied* (Tenn. 2003). It is the duty of the appellant to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). We also observe that in its order denying the motion for new trial, the trial court found:

> That the decision of defense counsel not to call Holly Praytor as a witness at the trial of this matter did not deprive the defendant of his right to the effective assistance of counsel and that the inclusion of her testimony would not have effected the outcome of the trial when considering the potential testimony of Holly Praytor, the defendant's own testimony at trial, and the proof presented at trial.

In the absence of a transcript, we must presume the findings of the trial court were correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Therefore, the defendant has waived this issue by failing to include the transcript of the motion for new trial hearing in the appellate record.

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE