IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 14, 2024 Session

## STATE OF TENNESSEE v. BRADY O'BRIEN HOLMGREN

**Appeal from the Circuit Court for Rutherford County**
**Nos. 82838, 82870    James A. Turner, Judge**
_____

**No. M2023-00795-CCA-R3-CD**
_____

The trial court furloughed the Defendant, Brady O'Brien Holmgren, to a mental health court program following his convictions for domestic assault and aggravated assault. The furlough was later revoked, and he was ordered to serve his sentence. Nearly a year later, the Defendant filed a motion to modify his sentence. The trial court denied the motion, and the Defendant appealed. Upon our review, we hold that the Defendant has waived any issues by failing to properly prepare his brief in accordance with Tennessee Rule of Appellate Procedure 27. Accordingly, we respectfully affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which J. ROSS DYER and KYLE A. HIXSON, JJ., joined.

John D. Drake, Murfreesboro, Tennessee, for the appellant, Brady O'Brien Holmgren.

Jonathan Skrmetti, Attorney General and Reporter; James E. Gaylord, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Dana Minor, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On August 23, 2021, the Defendant pled guilty to the offenses of domestic assault and aggravated assault. Pursuant to the plea agreement, the trial court sentenced the Defendant to an effective sentence of seven years. The trial court also furloughed the

Defendant to participate in a mental health court program after he served ninety days in confinement.

On March 25, 2022, the mental health court issued an order finding that the Defendant violated the terms and conditions of the program ("March 2022 Order"). The order revoked the Defendant's furlough and ordered him to serve his original sentence in confinement. The clerk filed the order on the same day.

On February 15, 2023, the Defendant filed a "Motion to Set Aside Revocation of Furlough into Mental Health Court, For a Furlough Order into the Program, a Suspended Sentence Hearing, or in the Alternative, for a Writ of Error Coram Nobis." In the motion, the Defendant challenged the March 2022 Order and alleged that the mental health court's revocation of his furlough did not comply with due process principles.

The trial court held a hearing on the Defendant's motion on May 5, 2023. At the hearing, the trial court initially questioned whether it had jurisdiction to hear the Defendant's concerns, but it allowed the Defendant to offer evidence supporting his motion. Following the hearing, the trial court found that the Defendant's termination from the mental health court program was not arbitrary and that it complied with due process principles. The court also denied coram nobis relief, finding that the request was "time barred by the statute of limitations." Finally, the trial court denied the Defendant's motion to modify his sentence. Although the court expressed doubts about whether it had jurisdiction to grant that motion given that the Defendant was in the custody of the Department of Correction, it nevertheless denied the motion on the merits. The trial court filed a written order on May 5, 2023 ("May 2023 Order").

The Defendant filed a notice of appeal on May 26, 2023.

## ANALYSIS

In this appeal, the Defendant appears to broadly challenge his 2022 removal from the mental health court program. Beyond this generalization, however, it is unclear what is being challenged or why. The confusion principally comes from the Defendant's not including the required statement of issues in his appellate brief. It also stems from the fact that the nature and scope of the issues presented cannot be otherwise identified from the structure of the brief.

These omissions are significant. Our supreme court has been clear that "an appellate court's authority 'generally will extend only to those issues presented for review.'" *State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022) (quoting Tenn. R. App. P. 13(b)). As an intermediate court of appeals, our function is principally to review and correct errors. *State*

2

*v. Phifer*, No. M2013-01401-CCA-R3-CD, 2014 WL 4698499, at *16 (Tenn. Crim. App. Sept. 23, 2014), *no perm. app. filed*. Properly conceived, our role is not to "sit as self-directed boards of legal inquiry and research, sallying forth each day looking for wrongs to right." *Bristol*, 654 S.W.3d at 924 (citations and alteration omitted). Instead, we rely upon the parties to identify the errors *they* believe were committed in the trial court and to show why *they* believe the law entitles them to relief on appeal. *See Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (stating that the appellant should identify "those issues most amenable to success on appeal and present those issues to the court supported by citation to authorities and appropriate references to the record"). Neither the court nor the parties should have to guess about what issues an appellant advances as grounds for relief. *See Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) ("Rather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer.").

To facilitate this essential principle, the Tennessee Rules of Appellate Procedure require that an appellant's brief include a statement of the issues presented for review. *See* Tenn. R. App. P. 27(a)(4). The supreme court has rejected the notion that this requirement is a "mere formality," and it has "made clear that, to be properly raised on appeal, an issue must be presented in the manner prescribed by Rule 27[.]" *City of Memphis v. Edwards by & Through Edwards*, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023) (Per Curiam Order); *Donovan v. Hastings*, 652 S.W.3d 1, 9 (Tenn. 2022) ("The requirement of a statement of the issues raised on appeal is no mere technicality[.]" (citation and internal quotation marks omitted)). Indeed, so important is this requirement that our supreme court has emphasized that "[d]eclining to address questions not properly raised is a way that we achieve fairness and ensure the perceived integrity of the courts." *City of Memphis*, 2023 WL 4414598, at *2 (citation and internal quotation marks omitted).

In at least some cases, the supreme court has indicated that an issue may be addressed even when it was not formally raised in a party's statement of the issues presented. One such example can occur when the issue is clearly and unequivocally identified from the brief and basic fairness principles are not otherwise compromised. *Hodge*, 382 S.W.3d at 337. This may be particularly the case where the appellee has understood that a particular issue is raised and has prepared a proper response to it. *Id.*; *City of Memphis*, 2023 WL 4414598, at *1 n.2 (noting that a briefing requirement may be suspended where, among other reasons, "the sole issue appealed is not hindered by the deficiencies" (citations omitted)). That said, these examples are rare, and the supreme court has been clear that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Rule 27(a)(4)." *City of Memphis*, 2023 WL 4414598, at *2; *State v. Bishop*, 431 S.W.3d 22, 43 (Tenn. 2014) (finding issue waived when presented in the argument section of the brief, but not included in the statement of issues presented).

In this case, two separate orders—the March 2022 Order and the May 2023 Order— arguably affect the Defendant's removal from the mental health court program. These two orders were entered by different judges, addressed different legal issues, were considered under different legal standards, and were entered at separate times more than a year apart. In other words, each order has its own separate substantive and procedural issues that could possibly be associated with it.

Yet, the Defendant's appellate brief does not clearly identify whether he takes issue with only one order or with both. For example, the Defendant's appellate brief does not contain a statement of the issues presented for review. *See* Tenn. R. App. P. 27(a)(4). His notice of appeal identifies the later May 2023 Order as being the subject of the appeal,[1] but his appellate brief states instead that the appeal is taken from the earlier 2021 judgment and the March 2022 Order. The Defendant mentions the May 2023 Order only in passing in his brief, and his argument and request for relief largely focus on the propriety of the earlier March 2022 Order. For its part, the State generally disregards the March 2022 Order in its brief and, consistent with the Defendant's notice of appeal, focuses its attention on the later May 2023 Order.

Given the seeming inconsistencies, this court asked at oral argument about the nature of the issues being presented for review. Consistent with his brief, the Defendant initially responded that he was only challenging the March 2022 Order as failing to comply with due process principles. At other times, however, both he and the State indicated that the later May 2023 Order was the proper subject of the appeal.

Whatever the Defendant's issues may be, we conclude that they are not fairly presented in accordance with Tennessee Rule of Appellate Procedure 27. As such, we find ourselves in the untenable position of either searching for hidden questions to review or scouring the appellate record for possible reversible error. *Hodge*, 382 S.W.3d at 334; *Donovan*, 652 S.W.3d at 9. This is not the function of an appellate court. Because we cannot determine with any certainty what grounds for relief *are* presented for review, we respectfully decline to address issues we think *might* be raised for relief. *See City of Memphis*, 2023 WL 4414598, at *2.

Our consideration of the Defendant's appeal is also barred for other reasons as well. To the extent that the Defendant challenges the March 2022 Order, his notice of appeal is untimely. The March 2022 Order was filed with the clerk on March 25, 2022, and the

---

[1] The notice of appeal states that the appeal is taken "from the Orders imposed by the Honorable Circuit Court Judge James A. Turner, of the l6th Judicial District of Rutherford County. The said orders imposing the judgments of conviction for Appellant's [seven-year] total sentence in the Tennessee Department of Correction[.]" The March 2022 Order was not issued by Judge Turner and is thus not apparently included among the orders from which this appeal is taken.

Defendant had thirty days to file a notice of appeal. *See* Tenn. R. App. P. 4(a). However, he did not file a notice of appeal until 427 days later on May 26, 2023. Given the substantial unexplained delay, the possible lack of appellate jurisdiction involved,[2] and the absence of a request to waive the late filing, we find that the "interest of justice" does not weigh in favor of waiving the requirement of a timely notice of appeal. *See id.*; *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *5-6 (Tenn. Crim. App. Nov. 9, 2023), *perm. app. denied* (Tenn. May 16, 2024). As such, even if issues related to the March 2022 Order were properly presented for review—and they are not—the Defendant would not be entitled to relief from that order.

Similarly, to the extent that the Defendant challenges the May 2023 Order, the trial court was without jurisdiction to modify his sentence. No modification could have been granted pursuant to Tennessee Rule of Criminal Procedure 35, as more than 120 days had passed since the sentence was imposed or probation was revoked.[3] *See* Tenn. R. Crim. P. 35(a); *State v. Jabal*, No. M2020-01093-CCA-R3-CD, 2021 WL 3184958, at *2 (Tenn. Crim. App. July 28, 2021) ("Because the defendant's motion was filed outside the 120-day limitations period, the trial court was without jurisdiction to consider the motion under Rule 35."), *no perm. app. filed*. Moreover, the Defendant's felony sentence could not have been modified pursuant to Tennessee Code Annotated section 40-35-212(d) because, as the trial court noted, he had already been transferred to the custody of the Department of Correction. *See State v. Taylor*, 992 S.W.2d 941, 945 (Tenn. 1999). The Defendant has not identified any other basis on which the trial court had jurisdiction to address his motion. As such, even if issues related to the May 2023 Order were properly presented for review— and they are not—the Defendant would not be entitled to relief from that order.

---

[2] A defendant "has no appeal as of right unless it is enumerated in Rule 3(b) of the Tennessee Rules of Appellate Procedure or by a separate statute." *State v. Novatne*, No. M2023-00114-CCA-R3-CO, 2023 WL 8081706, at *3 (Tenn. Crim. App. Nov. 21, 2023) (citations and internal quotation marks omitted), *perm. app. denied* (Tenn. Apr. 11, 2024). Although Rule 3(b) allows a defendant to appeal an order revoking probation, the Rule does not expressly address furloughs. *Cf. State v. Bean*, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. Mar. 16, 2011) (holding that a defendant had no right of appeal from an order denying his motion for furlough), *no perm. app. filed*. The Defendant cites no authority showing that an appeal of the March 2022 Order comes within the scope of Rule 3.

[3] Of course, this case does not involve a revocation of probation, and the Defendant cites no authority showing that a revocation of an extended furlough is tantamount to a revocation of probation for Rule 35 purposes. In any event, because the 120-day deadline under Rule 35 cannot be extended or tolled, the Defendant's motion to modify his sentence would be untimely under all circumstances. *See* Tenn. R. Crim. P. 35(a).

## CONCLUSION

In summary, we hold that the Defendant has waived any issues by failing to properly prepare his brief in accordance with Tennessee Rule of Appellate Procedure 27. Accordingly, we respectfully affirm the judgment of the trial court.

_____
TOM GREENHOLTZ, JUDGE