IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. ANDRE DEALTO PERKINS

**Direct Appeal from the Circuit Court for Henry County**
**No. 13149     Julian P. Guinn, Judge**

---

**No. W2001-02635-CCA-R3-CD  - Filed October 14, 2002**

---

The defendant appeals his jury conviction for possession of a controlled substance with the intent to manufacture, deliver, or sell.  He argues the evidence is insufficient to support his conviction.  We find this issue is waived because the defendant has failed to include a trial transcript in the record. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Guy T. Wilkinson, District Public Defender; W. Jeffery Fagan, Assistant District Public Defender (on appeal); and Victoria DiBonaventura, Paris, Tennessee (at trial), for the appellant, Andre Dealto Perkins.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; G. Robert "Gus" Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Henry County jury found the defendant guilty of possession of cocaine with the intent to manufacture, deliver, or sell.  The defendant contends that there was insufficient evidence to convict him.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979);  State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996).

In order to review the evidence and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must have before us the evidence presented to the jury at trial. We cannot determine whether the evidence was sufficient without a trial transcript. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* <u>State v. Taylor</u>, 992 S.W.2d 941, 944 (Tenn. 1999). In the instant case, the transcript of the trial was not included in the record. Therefore, the issue is waived for failure to provide a complete appellate record. Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE