IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 29, 2003 Session

## STATE OF TENNESSEE v. RITA ELLIS

**Direct Appeal from the Criminal Court for Monroe County**
**No. 00-093     R. Steven Bebb, Judge**

**No. E2002-02433-CCA-R3-CD**
**May 29, 2003**

The Defendant, Rita Ellis, was convicted upon a jury verdict of theft under the value of five hundred dollars, a Class A misdemeanor. She was sentenced to eleven months and twenty-nine days in the county jail, but her sentence was suspended, and she was placed on probation. She was fined two hundred and fifty dollars. The Defendant presents two issues for review, which she states as follows: (1) failure of counsel to request recording of proceedings denied right of effective appeal; and (2) appellant denied ability to properly argue that verdict was against the weight of the evidence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

M.J. Hoover, III, Knoxville, Tennessee, for the appellant, Rita Ellis.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Chuck Pope, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was charged with misdemeanor theft based upon allegations of shoplifting items with a total value of thirty-four dollars and three cents from a Wal-Mart store. She was initially convicted in General Sessions Court and appealed her conviction to the Criminal Court. After a jury trial in the Criminal Court, she was convicted of theft of property under the value of five hundred dollars, a Class A misdemeanor, and received a suspended sentence of eleven months and twenty-nine days and a fine in the amount of two hundred and fifty dollars. From this conviction she appeals.

The record on appeal does not contain a transcript or other substantially verbatim record of the evidence presented at trial. It does contain a statement of the evidence. See Tenn. R. App. P. 24(c). The statement of the evidence is approved by the trial court judge, and was also approved for entry by the Defendant's trial counsel along with the assistant district attorney who prosecuted the case. This document states that the State presented two witnesses, both of whom were Wal-Mart employees. One of the witnesses testified that she personally observed the Defendant enter the Wal-Mart store, remove "pay tags" from items of merchandise, conceal the items on her person and leave the store without paying for the items. The witness testified that the Defendant was restrained outside the store, and the items were taken from her possession. The other witness for the State, another Wal-Mart employee, testified that she observed the items allegedly stolen being removed from the Defendant's possession after she had been restrained and brought back into the Wal-Mart store. According to the statement of the evidence, the Defendant presented no proof in her defense.

The Defendant's trial counsel filed a motion for a new trial, asserting as grounds that the verdict was contrary to the weight of the evidence and that the court erred in failing to charge the jury as to the issue of the "best evidence rule." Apparently, trial counsel was allowed to withdraw as attorney of record because a different attorney subsequently filed a motion to amend the motion for new trial by adding as a ground that the Defendant had received the ineffective assistance of counsel at trial. On July 18, 2002, the trial court entered an order overruling the motion for a new trial. On July 19, 2002, the trial court entered an order allowing the second attorney to withdraw and allowing current counsel to be substituted as attorney of record for the Defendant. Notice of appeal was filed by current counsel on August 16, 2002.

The Defendant first argues that the failure of her trial counsel to request a recording of the proceedings denied her the right of "effective appeal." In presenting this argument, the Defendant does not suggest that a transcript of the evidence would reveal errors at trial which entitle her to relief. We first note that, based on the statement of the evidence contained in the record, the evidence presented at trial was sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. See Tenn. R. App. P. 13(e). In her brief, the Defendant states "there does not appear to be any explanation as to why the court reporter was not requested to record the trial proceedings." When a defendant seeks review of an issue in this Court, it is the defendant's duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues raised on appeal. See State v. Taylor, 992 S.W. 2d 941, 944 (Tenn. 1999). The Defendant does not suggest what issues would be raised on appeal if a transcript was available. A judgment of conviction may be reversed on appeal only for errors which affirmatively appear to have affected the result of the trial on the merits. See Tenn. R. Crim. P. 52(a). We conclude that the failure of counsel to request or obtain a verbatim transcript does not, ipso facto, gain the Defendant a reversal of her conviction and a new trial on the charges. This Court will not simply presume that reversible error occurred during the Defendant's trial. This issue is without merit.

In her second issue, the Defendant asserts that she has been denied the ability to properly argue that the verdict was against the weight of the evidence. She argues that instead of the issue being an error regarding the best evidence rule, "there was a failure on the part of the State to

produce the <u>corpus</u> <u>delicti</u>." Although we find the argument to be unclear, the Defendant asserts that the trial court misunderstood its responsibility to act as thirteenth juror. <u>See</u> Tenn. R. Crim. P. 33(f). It is clear from the record in this case that the trial court entered the judgment of conviction, approved the statement of the evidence, and overruled the motion for new trial. We find nothing in the record indicating that the trial court did not approve the verdict of the jury. When a trial judge overrules a motion for new trial, this court may presume that the trial judge has acted as thirteenth juror. <u>See</u> <u>State v. Blanton</u>, 926 S.W. 2d 953, 958 (Tenn. Crim. App. 1996). Based upon our review of the record presented on appeal, this issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE