IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 10, 2004 Session

## ODEAN COOPER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7176     Joseph H. Walker, Judge**

---

**No. W2003-01518-CCA-R3-PC  - Filed March 15, 2004**

---

The petitioner appeals the lower court's denial of his post-conviction relief petition following his guilty plea to possession of less than .5 grams of cocaine with intent to deliver.  On appeal, the petitioner contends: (1) he received ineffective assistance of counsel; and (2) he did not knowingly and voluntarily enter his guilty plea.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Rebecca S. Mills, Ripley, Tennessee, for the appellant, Odean Cooper.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Anne Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was indicted for Class B felony possession of more than .5 grams of cocaine with intent to deliver.  *See* Tenn. Code Ann. § 39-17-417(c)(1).  He pled guilty to Class C felony possession of less than .5 grams of cocaine with intent to deliver.  *See id.* § 39-17-417(c)(2).  Pursuant to the plea agreement, the trial court sentenced the petitioner to fifteen years as a career offender.

### I. GUILTY PLEA PROCEEDING

The petitioner contends his guilty plea was unknowingly and involuntarily entered due to ineffective assistance of counsel.  Although the parties referred to the guilty plea transcript during the post-conviction hearing, the transcript of the guilty plea is not in the record before this court.  It is the duty of the appellant to provide a record which conveys a fair, accurate, and complete account

of what transpired with regard to the issues which form the basis of the appeal.  Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Under the circumstances of this case, however, we believe the absence of the transcript is not fatal to appellate review.  Thus, we will review the issues on the merits.

## II.  POST-CONVICTION PROCEEDING

At the post-conviction relief hearing, the petitioner entered into evidence a transcript of the preliminary hearing during which Officer Gregg Patterson testified.  Officer Patterson testified that on August 4, 2001, at approximately 3:00 a.m., he clocked the petitioner in the Ripley city limits traveling fifty-seven miles per hour in a thirty mile-per-hour speed zone, activated the blue lights on his patrol car, and stopped the petitioner.  The officer intended to charge the petitioner with reckless driving because of his excessive speed.  Officer Patterson further stated the petitioner was traveling alone.

Officer Patterson testified that upon approaching the petitioner's vehicle, he advised the petitioner that he had been stopped for traveling fifty-seven miles per hour in a thirty mile-per-hour speed zone.  The officer stated he then instructed the petitioner to exit his vehicle, requested his license, and asked whether he possessed any weapons.  Officer Patterson testified he then conducted a pat-down search on the petitioner for safety purposes as the officer was alone with the petitioner in the darkness.  Officer Patterson did not discover any weapons on the petitioner's person.

Officer Patterson testified he then requested consent to search the petitioner's vehicle, and the petitioner consented to the search.  The officer stated he discovered a plastic bag containing several individually wrapped plastic bags of what was later tested to be  4.9 grams of cocaine.  He also discovered a tazor gun, two cellular telephones, a beeper, and several hundred dollars in cash.  The petitioner had earlier informed Officer Patterson that he was unemployed.

Officer Patterson stated the reckless driving charge was dismissed in city court upon the payment of court costs.  Officer Patterson explained the speed limit had changed a short time prior to the incident and the judge decided to give "a few breaks" because many people were unaware of the change.

At the post-conviction relief hearing, the petitioner testified he and defense counsel met on three occasions and had a number of telephone conversations prior to the plea hearing.  The petitioner stated he first met with defense counsel in October 2001 and contended the search was illegal, and the reckless driving charge was dismissed in city court.  Defense counsel advised the petitioner that due to his past criminal history, the petitioner could receive a thirty-year sentence as a career offender.

The petitioner testified he spoke to defense counsel in December 2001 and informed her that Officer Patterson was under investigation due to allegations of misconduct.  The petitioner stated he further explained to defense counsel that according to the evidence, he believed the search was

illegal because the officer exercised control over him and his property, and that as a result, he was not free to leave or voluntarily consent to the search. The petitioner stated that prior to pleading guilty, he was unaware of whether reckless driving was an arrestable offense, and defense counsel informed him that an individual could be arrested for committing the offense.

The petitioner testified he was unaware that defense counsel had filed a motion to suppress until she mentioned it at the plea hearing. The petitioner maintained that had defense counsel argued the motion, the motion would have been granted. The petitioner stated he accepted the plea due to defense counsel's erroneous advice that reckless driving was an arrestable offense and that Officer Patterson legally conducted the search.

Defense counsel testified she was appointed to represent the petitioner following the preliminary hearing, and she reviewed a transcript of the hearing. Defense counsel stated she and the petitioner met on three occasions and spoke over the telephone on several occasions during which they discussed his case in detail. Defense counsel testified the petitioner made allegations of misconduct against Officer Patterson; however, her investigator was unable to verify them.

Defense counsel stated she and the petitioner discussed the search and reviewed the facts of the case on every occasion in which they spoke. Defense counsel further stated that due to the petitioner's assertions, she filed a motion to suppress. Defense counsel testified she never files a motion to suppress without first discussing it with her client, and the petitioner knew it would be filed. Defense counsel testified she informed the petitioner that although she believed reckless driving, a Class B misdemeanor, is an arrestable offense, the issue involved a matter of law for the trial court to determine.

Defense counsel testified she was unsure whether the trial court would have granted the motion to suppress had she argued it. Defense counsel noted the validity of the search involved not only a "cite and release" issue, but also a consent issue. She explained that the officer testified at the preliminary hearing that the petitioner consented to the search. The petitioner advised defense counsel at some point that he did not consent to the search. Defense counsel stated the issue of consent would have involved a credibility determination by the trial court, and she advised the petitioner that he was at a disadvantage regarding credibility.

Defense counsel testified the petitioner was originally charged with possession with intent to deliver over .5 grams of cocaine, a Class B felony, and, if convicted, was facing a thirty-year sentence as a career offender. Defense counsel stated that based upon the petitioner's instructions, she actively negotiated with the state in an attempt to reduce the charge and the sentence, and the state agreed to reduce the charge to a Class C felony with a fifteen-year sentence. Defense counsel further stated she did not specifically recall whether the plea offer would have still been available had she argued the motion to suppress, but she assumed the state might have required her to refrain from doing so as a condition of the plea offer. Her assumption is supported by her acknowledgment of the following statement made early in the guilty plea proceeding: "A motion to suppress the

-3-

evidence was filed. However, prior to our arguing, the State made the offer that has been outlined to the Court."

Defense counsel testified that at the plea hearing, the petitioner informed the trial court that he had reviewed the waiver forms and agreed to enter the plea. The petitioner further informed the trial court that he was satisfied with defense counsel's representation. Defense counsel testified she did not force the petitioner to enter the plea. She stated she had represented the petitioner on numerous prior occasions, the petitioner had attended "some college," and the petitioner had a better understanding of the legal concepts than a majority of her clients.

### III. POST-CONVICTION COURT'S FINDINGS

In its written order denying post-conviction relief, the post-conviction court noted Officer Patterson's testimony at the preliminary hearing that he clocked the petitioner by radar traveling fifty-seven miles per hour in a thirty mile-per-hour speed zone, that the petitioner consented to the search, and that the officer found approximately 4.9 grams of cocaine individually wrapped in several small plastic bags, a tazor gun, over $900, two cellular phones, and a beeper. The post-conviction court accredited defense counsel's testimony that she discussed the motion to suppress with the petitioner and that the petitioner chose to accept the plea agreement and waive his right to present the motion. The court found the petitioner made an informed decision to plead guilty to a lesser charge with a reduced sentence, rather than present the motion to suppress.

The post-conviction court found the petitioner was aware of the nature and consequences of the plea agreement, his classification as a career offender, the punishment, and the advantages and disadvantages of presenting the motion to suppress and conducting a jury trial. The court noted defense counsel adequately investigated the facts of the case. The post-conviction court found the petitioner was aware of and understood the consequences of entering the plea and that his decision was not a result of coercion. The court found the petitioner freely and voluntarily entered the plea. The post-conviction court concluded the petitioner failed to establish that defense counsel was deficient and that any alleged deficiencies resulted in prejudice.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends he received ineffective assistance of counsel in regard to his guilty plea. Specifically, he maintains defense counsel was ineffective in failing to argue the motion to suppress the search, in failing to adequately investigate the facts of his case and present a valid defense, and in failing to adequately advise him on the legality of the search and seizure.

#### A. Standard for Ineffective Assistance of Counsel

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial

was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; *see* Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle petitioner to relief. Tenn. Code Ann. § 40-30-110(f) (2003). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003).

## B. Failure to Argue Motion to Suppress

According to the proof presented at the post-conviction relief hearing, defense counsel filed a motion to suppress evidence obtained as a result of the search of the petitioner's vehicle. In the motion, defense counsel contested the voluntariness of the consent and the reasonableness of the detention. Defense counsel did not argue the motion, and the petitioner subsequently entered his guilty plea. The petitioner now maintains defense counsel was ineffective in failing to argue the motion.

The Fourth Amendment to the United States Constitution grants the right to be secure from unreasonable searches and seizures, and prohibits the issuance of warrants without probable cause. Article I, § 7 of the Tennessee Constitution is identical in purpose and intent with the Fourth Amendment. State v. Troxell, 78 S.W.3d 866, 870 (Tenn. 2002). Under both constitutions, a warrantless search or seizure is presumed to be unreasonable, and the resulting evidence is subject to suppression unless the state demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. State v. Binette, 33 S.W.3d 215, 218 (Tenn. 2000).

These constitutional protections against unreasonable searches and seizures also apply to vehicles. Troxell, 78 S.W.3d at 870-71. A law enforcement officer must have probable cause or reasonable suspicion supported by specific and articulable facts to believe an offense has been or is about to be committed in order to stop a vehicle. State v. Randolph, 74 S.W.3d 330, 334 (Tenn.

2002). In determining whether reasonable suspicion existed for the stop, a court must consider the totality of the circumstances. Binette, 33 S.W.3d at 219.

When a traffic stop is an investigatory stop, the scope of the officer's actions must reasonably relate to the circumstances which prompted the stop; the detention must last no longer than necessary to effectuate the purpose of the stop. Troxell, 78 S.W.3d at 871. The officer must employ the least intrusive means reasonably available to investigate his or her suspicions in a short period of time. Florida v. Royer, 460 U.S. 491, 500, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983). The proper inquiry is whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly. State v. Simpson, 968 S.W.2d 776, 783 (Tenn. 1998).

Based upon the information available to defense counsel, she was faced with the following possible legal scenario. Once Officer Patterson activated the blue lights on his patrol car, the officer initiated the stop and "seized" the petitioner. *See* Binette, 33 S.W.3d at 218. Officer Patterson testified at the preliminary hearing that he observed the petitioner traveling fifty-seven miles per hour in a thirty mile-per-hour speed zone and stopped him for reckless driving. A traffic stop based upon probable cause or reasonable suspicion is constitutionally permissible despite the subjective intent of the police officer. United States v. Whren, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996); State v. Vineyard, 958 S.W.2d 730, 736 (Tenn. 1997). Although neither party addresses this point, it is at least arguable that the officer did not have probable cause to stop the petitioner for reckless driving. *See* State v. Sean E. Miller, No. W2001-02045-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 137, at **10-11 (Tenn. Crim. App. Feb. 15, 2002) (holding excessive speed alone may be insufficient to establish reckless driving). Nevertheless, this is not determinative of the validity of the stop. For this reason, we need not determine whether reckless driving is a "cite and release" offense. *See* Tenn. Code Ann. §§ 40-7-118(b)(1), (b)(2)(B), 55-10-207(f). Regardless of whether or not Officer Patterson had probable cause to stop the petitioner for reckless driving, he clearly had probable cause to stop the petitioner for speeding. The officer's subjective intent is irrelevant as it relates to the stop. *See* Whren, 517 U.S. at 813; Vineyard, 958 S.W.2d at 736.

Furthermore, Officer Patterson had a proper basis to request the petitioner's license based upon the speed of his vehicle. Once the officer obtained the driver's license, a further seizure of the petitioner occurred. *See* State v. Daniel, 12 S.W.3d 420, 427 (Tenn. 2000). However, unlike Daniel in which the officer lacked cause to justify the seizure, Officer Patterson had probable cause to retain the driver's license and the petitioner long enough to check his driving information and at least issue a citation. *See id.* at 428. Moreover, Officer Patterson testified he obtained the petitioner's license, conducted a pat-down search for safety reasons, and requested consent to search the petitioner's vehicle. There is no indication that a break in time occurred between these events. Thus, if the consent is valid, the search would appear to be constitutionally permissible.

One exception to the warrant requirement is a search conducted pursuant to a person's consent. Schneckloth v. Bustamonte, 412 U.S. 218, 248, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). The consent must be "unequivocal, specific, intelligently given, and uncontaminated by duress or coercion." Simpson, 968 S.W.2d at 784 (quoting State v. Brown, 836 S.W.2d 530, 547 (Tenn.

1992)).  It is not necessary for the officer to inform the person of the person's right to refuse consent. United States v. Drayton, 536 U.S. 194, 206-07, 122 S. Ct. 2105, 2113-14, 153 L. Ed. 2d. 242 (2002).

The petitioner's testimony concerning consent is baffling.  In some instances, he testified he did not consent to the search.  In other instances, he testified his consent was not knowingly and voluntarily given.  We also note that the motion to suppress states that "[a]lthough the defendant consented to said search, this consent was not voluntary.  The detention was unreasonable."  In light of the petitioner's testimony, it is certainly understandable why defense counsel felt the defendant was at a disadvantage relating to credibility.

Recently, in State v. Garcia, 123 S.W.3d 335, 348 (Tenn. 2003), our state supreme court suppressed drugs discovered during a search of the defendant's vehicle following a traffic stop.  The court held the traffic stop, which occurred after the police officer observed the defendant's vehicle weaving within its lane of traffic, was not based upon reasonable suspicion, and the defendant's consent to search his vehicle was not sufficiently attenuated from the unlawful stop and detention. Id.  However, unlike the officer in Garcia who did not observe the defendant commit any traffic violations, Officer Patterson observed the petitioner speeding and, thus, had probable cause to stop the petitioner.  Furthermore, Officer Patterson could then lawfully detain the petitioner for a reasonable time in order to investigate the traffic violation.  It was during this lawful detainment that the petitioner allegedly consented to the search of his vehicle.

Thus, it would appear the petitioner incorrectly asserts he was unlawfully seized and, as a result, could not give valid consent.  It would further appear the officer could properly take the defendant's driver's license to secure necessary information; thus, the petitioner was lawfully seized when Officer Patterson requested consent to search the vehicle.  Once Officer Patterson discovered the drugs and other items inside the petitioner's vehicle, he had probable cause to arrest the petitioner without a warrant for possession of cocaine with intent to deliver. See Tenn. Code Ann. § 39-17-417.

Because (1) it appears the petitioner was lawfully seized at the time the officer had the petitioner's driver's license, (2) the officer testified that the petitioner then consented to the search, and (3) the petitioner's testimony regarding consent was equivocal, the petitioner has failed to demonstrate that the trial court would have suppressed the evidence had defense counsel argued the motion.  Furthermore, a crucial question is whether defense counsel, faced with all these facts and circumstances, was deficient in not pursuing the motion to suppress.  We conclude, as did the post-conviction court, her advice to the petitioner to take the fifteen-year sentence, instead of being subjected to a thirty-year sentence if convicted of the charged offense, was reasonable under these circumstances. Defense counsel testified she assumed the state required that she refrain from arguing the motion as a contingency to the plea agreement.  The statement made by counsel at the guilty plea hearing implicitly corroborates her assumption.  The post-conviction court found that defense counsel reasonably informed the petitioner of the advantages and disadvantages of going forward with the motion hearing.  The evidence does not preponderate against this finding.  Accordingly, the petitioner

has failed to establish ineffective assistance of counsel. *See* <u>Strickland</u>, 466 U.S. at 697, 104 S. Ct. at 2069.

## C. Failure to Investigate and Present a Valid Defense

The petitioner contends defense counsel failed to adequately investigate the facts of the case and present a valid defense. However, defense counsel testified she reviewed the transcript of the preliminary hearing, met with the petitioner on three occasions, engaged in numerous telephone conversations with the petitioner, discussed the facts of the case with the petitioner, investigated allegations of police misconduct which she was unable to verify, and actively negotiated a plea agreement with the state based upon the petitioner's instructions. The post-conviction court found that defense counsel adequately investigated the facts of the case. The evidence does not preponderate against the post-conviction court's finding.

## D. Failure to Advise

The petitioner submits defense counsel failed to adequately advise him concerning the legality of the search and seizure. However, defense counsel testified she discussed the issues presented in the motion to suppress with the petitioner. Defense counsel told the petitioner the issue of consent would have involved a factual determination by the trial court, and she advised the petitioner he was at a disadvantage regarding credibility issues. The post-conviction court found defense counsel and the petitioner discussed the motion to suppress and that the petitioner chose to accept the plea agreement and waive his right to present the motion. The evidence does not preponderate against these findings.

## V. UNKNOWING AND INVOLUNTARY GUILTY PLEA

The petitioner contends he unknowingly and involuntarily entered his guilty plea. Due process demands that a guilty plea be entered voluntarily, knowingly, and understandingly. <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The plea is involuntary if the accused is incompetent or "only if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" <u>Blankenship v. State</u>, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting <u>Boykin</u>, 395 U.S. at 242-43). In determining whether a guilty plea comports with due process, the court must assess whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

According to the testimony, the petitioner at the time he entered his plea informed the trial court that he had reviewed the waiver forms, that he agreed to enter the plea, and that he was satisfied with defense counsel's representation. Defense counsel further testified she did not force the petitioner to enter the plea, and the petitioner, whom she had represented on prior occasions, understood the terms of the plea.

The post-conviction court found the petitioner was aware of and understood the consequences of entering the plea, that the petitioner's decision to plead guilty was not the result of coercion, and that the petitioner voluntarily entered the plea. The evidence does not preponderate against the post-conviction court's findings.

Accordingly, we affirm the judgment of the post-conviction court.


_____
JOE G. RILEY, JUDGE