IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## STATE OF TENNESSEE v. NOVELLA BEARD

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-4729     Chris Craft, Judge**

---

**No. W2003-01646-CCA-R3-CD  - Filed September 22, 2004**

---

The defendant, Novella Beard, appeals from a conviction for aggravated robbery on the basis of insufficiency of the evidence and alleged error concerning jurors' questions of witnesses. We find no reversible error and affirm the conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Juni Ganguli and Charles E. Waldman, Memphis, Tennessee, for the appellant, Novella Beard.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Pritchard and Amy Weirich, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The defendant, Novella Beard, along with a co-defendant, Finis Rodgers, was indicted for aggravated robbery. A jury convicted both defendants of the indicted charge. The defendant, Novella Beard,  was sentenced as a Range I offender to eleven years. The defendant now appeals her conviction on the grounds that the evidence was insufficient to support the conviction and that the trial court failed to follow statutory procedures concerning questions by jurors to witnesses.

### Factual Background

This case concerns a car-jacking and robbery at gunpoint in Memphis on October 29, 2001. Narvin Gray, the victim, testified at trial to the only firsthand account of the robbery.

The victim stated he had known Rodgers, the co-defendant, from Rodgers frequenting the Mapco store where the victim worked. The victim had in the past done small favors for Rodgers such as providing him rides on several occasions and buying him cigarettes. On October 29th, Rodgers called the victim to request a ride from his girlfriend's house in south Memphis. When the victim picked Rodgers up, the defendant wanted a ride to her cousin's house. The victim did not know the defendant. The victim agreed and drove in accordance with directions given by the co-defendants. While waiting at a train crossing, Rodgers asked the victim to get out of the car to "talk." The victim declined, and they continued on until the victim was told to stop at a house. The defendant got out, knocked at the door and, upon receiving no response, went to a side window and knocked. When she returned to the car, she used the victim's cell phone to place a call. She then said her cousin was not at home. The victim became upset and insisted that the co-defendants tell him where they wanted to be taken. The victim's cell phone was on the right front passenger side of the car, beside the defendant. The victim asked the defendant to hand him the phone, and she told him to "get it yourself." After the defendant repeatedly refused to give the victim the cell phone, he stopped the vehicle and told them, "you have to get out of my car." Rodgers was seated in the middle of the backseat. Rodgers drew a handgun and put it to the victim's head. Rodgers demanded that the victim empty his pockets and hand over his money, ATM card, and PIN number. When the victim looked back toward Rodgers, Rodgers grabbed the victim by the hood of his sweatshirt and told him that he would blow his brains out unless he surrendered the items demanded. The victim saw the gun but could only identify it as a black handgun. As the victim emptied his pockets, the defendant picked up the cash and ATM card. The victim's wallet was in the trunk of the vehicle. Rodgers told the victim to get out of the vehicle. The defendant told the victim, "well if you can't get out of the car, let me get my gun." The victim stepped out with Rodgers behind him. When Rodgers pointed the gun, the victim ran toward a nearby house. When he turned, he saw the defendant driving and Rodgers in the front passenger seat as they left in the victim's car. The victim reported the events through an unopened door of the house, and the occupant summoned the police. The victim waited behind a bush, fearing that the co-defendants would return.

In the course of the police investigation, the victim identified both defendants in photographic lineups. Officers from the crime scene unit of the Memphis Police Department were able to find two prints on the recovered vehicle that matched the defendant, Novella Beard. One print was on the front interior passenger window and the other was on the outside of that window.

**Sufficiency**

The defendant contends that the evidence was insufficient to support her conviction for aggravated robbery. The State argues to the contrary.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). The weight and credibility of the

witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

This Court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). The accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Robbery is the intentional or knowing theft of property from another by violence or putting the person in fear. Tenn. Code Ann. § 39-13-401. Aggravated robbery is robbery accomplished by use of a deadly weapon or by display of an article fashioned to lead a victim to reasonably believe it to be a deadly weapon. Tenn. Code Ann. § 39-13-402.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense. Tenn. Code Ann. § 39-11-402(2).

The victim's uncontradicted testimony directly implicated the defendant as a participant in this aggravated robbery. The defendant refused the victim's request for his cell phone, threatened him with the use of a gun, gathered up the items he surrendered, and drove the defendant's vehicle away. The defendant was identified by the victim in photographic lineups, and her fingerprints were positively identified on the stolen vehicle after its recovery.

We conclude that the jury had ample evidence of the defendant's active involvement to support her conviction of aggravated robbery.

### Jurors' Questions

The defendant asserts on appeal that the trial court's method of handling three questions posed by jurors was error of a constitutional magnitude. We note that there was no contemporaneous objection made at trial nor was the issue raised in the defendant's motion for a new trial. By failing to make a contemporaneous objection to testimony, a defendant waives appellate consideration of the issue. State v. Adler, 71 S.W.3d 299, 302 (Tenn. Crim. App. 2001); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000). Failure to include an issue in the motion for new trial results in waiver of the issue. Tenn. R. App. P. 3(e); see State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995).

An error which has affected the substantial right of a defendant may be noticed at any time in the discretion of the appellate court where necessary to do substantial justice. State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). "Plain error" or "fundamental error" is recognized under Tenn. R.

Crim. P. 52(b). State v. Adkisson, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994). Some errors are so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case. Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436, 89 L. Ed. 2d 674 (1986).

> There are five factors which must be present for a court to determine "plain error" exists:
> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused did not waive the issue for tactical reasons; and
> (e) consideration of the error is "necessary to do substantial justice."

State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (citing Adkisson, 899 S.W.2d at 641-42). Complete consideration of all five factors is unnecessary if at least one is absent. Id. at 283. Furthermore, the plain error must be such that it probably changed the outcome of the trial. Adkisson, 899 S.W.2d at 642.

In this case, a juror asked how the defendant's fingerprint sample had become available for police comparison. The trial judge answered, showing that fingerprints become available from a wide range of sources, and diplomatically illustrated the irrelevance of the source.

The same juror questioned how the victim obtained entry to his house after his key ring was taken. Another juror questioned whether the victim's ATM card was used after the theft. Counsel for co-defendant Rodgers objected to the second question on the basis of the best evidence rule but counsel for Beard did not object. The victim was allowed to testify as to both questions after being recalled by the State. None of this testimony added any substantial evidence relevant to the issues nor was it prejudicial in its effect.

Although the trial court did not strictly comply with the method prescribed for handling jurors' questions in Tennessee Rule of Criminal Procedure 24.1(c), the defendant has not demonstrated prejudice. We do not believe the defendant has shown that a substantial right was adversely affected. Therefore, we decline to recognize plain error in this procedural lapse.

After a review of the record as a whole and having found no reversible error, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE