IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 21, 2005

## STATE OF TENNESSEE v. LORENZO BENE WARE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-A-74     J. Randall Wyatt, Jr., Judge**

_____

**No. M2004-02472-CCA-R3-CD - Filed October 6, 2005**

_____

The defendant, Lorenzo Bene Ware, was convicted by a Davidson County jury of two counts of sexual battery by an authority figure, class C felonies. The trial court denied the defendant's request for probation and sentenced him to serve concurrent terms of three years in confinement. On appeal, the defendant argues that the trial court erred in denying his request for probation. After considering the record and the relevant authorities, we conclude the defendant has waived this issue and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

George H. Thompson, III, Nashville, Tennessee, for the appellant, Lorenzo Bene Ware.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

On April 20, 2004, after a two day trial, a jury convicted the defendant of two counts of sexual battery by an authority figure. The victim, the defendant's daughter; the defendant's wife; an investigator with the Department of Children's Services; and a detective with the Youth Services Division of the police department testified at the trial. The defendant chose not to testify. The testimony at trial established that the defendant entered into the victim's bedroom on at least two occasions while she was in bed and rubbed her genitals and buttocks. The victim was fourteen years old. After the jury returned the guilty verdicts, the trial court ordered the defendant to submit to a

psychosexual sex offender evaluation and report to the probation department for a pre-sentence report in order to be considered for probation.

On September 8, 2004, the trial court conducted a sentencing hearing to determine the manner in which the defendant would serve his sentence. At the hearing, the State called no witnesses but instead asked the court to rely on the pre-sentence report and the sexual offender evaluation report. Among the testimony offered by the defendant was that of his wife. The defendant's wife testified that she did not believe the defendant was guilty of "what [the victim] said he was." After the testimony and closing arguments, the trial court found that "[the defendant was] not amenable to a sex offender program." The trial court denied the defendant's request for probation and sentenced him to serve concurrent terms of three years in confinement. In reaching its decision, the trial court noted that it considered the evidence at trial, the testimony at the sentencing hearing, the psycho-sexual evaluation and anything else pertinent to the case. The defendant appealed.

## ANALYSIS

On appeal, the defendant argues that the trial court erred in denying his request for probation. Specifically, the defendant argues that the evidence was insufficient to support the trial court's finding that he was not amenable to treatment in a sex offender program. The State argues that this issue is waived, or if not waived, without merit. We agree with the State that the defendant has waived this issue. Tennessee Court of Criminal Appeals Rule 10(b) states, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." See also State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997). Additionally, Rule 24(b) of the Tennessee Rules of Appellate Procedure states that it is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with relation to the issues on appeal. See also State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999).

In the three sentences constituting the entire argument section of his brief, the defendant contends that the record did not contain evidence to support the trial court's finding that he was not amenable to sex offender treatment. However, the defendant has failed to cite any authorities or provide a sufficient argument in support of his contention. Instead, the defendant quoted the statute stating what a sentence must be based on and made the blanket statement that "the record is devoid of evidence to support the trial judge's finding." Furthermore, the sentencing hearing transcript indicates that the trial court relied on the psychosexual evaluation and pre-sentence reports in determining the defendant's suitability for probation. The defendant failed to include either report in the record on appeal. "When the record is incomplete, this Court is precluded from considering the issues; and we must conclusively presume the judgment of the trial court was correct." See State v. Matthews, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990). Consequently, we conclude the defendant has waived his claim for relief by failing to provide a complete record on appeal and failing to provide a sufficient argument or any authority in support of his claim.

## CONCLUSION

For these reasons, we affirm the judgment of the trial court, denying the defendant's request for probation.

_____
J.C. McLIN, JUDGE