IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 29, 2009 at Knoxville

## STATE OF TENNESSEE v. ANTHONY CHRISTOPHER BROWN

**Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2401     Seth Norman, Judge**

───────────

**No. M2008-01924-CCA-R3-CD - Filed October 27, 2009**

───────────

The pro se Defendant, Anthony Christopher Brown, appeals as of right from his convictions for possession of less than .5 grams of cocaine, a Class C felony, and possession of drug paraphernalia, a Class A misdemeanor, arising from his bench trial in Davidson County Criminal Court. He received an effective sentence of three years as a Range I, standard offender. The Defendant contends that the evidence is insufficient to support his convictions. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Anthony Christopher Brown, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

The record reflects that on September 4, 2007, the Defendant and a codefendant were indicted for one count of possession with the intent to sell or deliver more than 26 grams of cocaine and possession of drug paraphernalia related to events occurring in June 2007. The Defendant waived a jury trial and, following a bench trial on March 10, 2008, the Defendant was convicted of the lesser offense of possession of less than .5 grams of cocaine for resale and possession of drug

paraphernalia. The record further reflects that the Defendant was represented by appointed counsel throughout the pretrial and bench trial stages of his case.[1]

On May 15, 2008, prior to sentencing, trial counsel filed a motion to withdraw from further representation based upon the Defendant's "expressed contempt and utter distrust" of counsel as evidenced by the Defendant's filing of "several frivolous complaints with the Board of Professional Responsibility." On May 16, 2008, the Defendant filed a pro se motion entitled "Motion for Inef[f]ective Assistanc[e] of Counsel" alleging several instances of trial counsel's deficient performance in addition to the Defendant's actual innocence of the offenses. On May 23, 2008, following an evidentiary hearing, the trial court granted trial counsel's motion to be relieved. Subsequently, on May 27, June 25, and July 21, 2008, the Defendant filed pro se motions for judgments of acquittal alleging that there was insufficient evidence to support his convictions.

On July 30, 2008, the trial court sentenced the Defendant to three years as a Range I, standard offender for the possession of cocaine offense to be served concurrent with his sentence for possession of drug paraphernalia. The judgment for the drug paraphernalia conviction reflects that the Defendant was sentenced to "time served" in exchange for his waiver of appeal of the convictions. The judgment for the possession of cocaine conviction also reflects that the Defendant received unsupervised probation in exchange for his waiver of appeal of the convictions. Nevertheless, on August 26, 2008, the Defendant filed a notice of appeal. Although there is no motion by the Defendant present in the technical record, the record contains one final trial court order indicating that the Defendant requested counsel for his appeal. Noting that "the Defendant has agreed to waive appeal as part of his sentencing negotiations," the trial court denied the request for appointment of appellate counsel. Presumably in light of the Defendant's waiver of his right to appeal, the trial court never ruled on the Defendant's pro se motions for judgments of acquittal.

Now before this court, the Defendant insists that there is insufficient evidence to support his convictions. The State, noting that the record reflects that the Defendant waived his right to appeal, argues that the Defendant's failure to prepare the transcripts for consideration before this court hinders our review. Under these circumstances, the State argues, this court must presume that the trial court's findings were correct and affirm the judgments.

ANALYSIS

It is the duty of the appellant "to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). In the absence of an adequate record, this court is precluded from considering an issue and must presume that the ruling of the trial court was correct.

---

[1] Court minutes contained in the technical record indicate that counsel was appointed to represent the Defendant upon his arraignment on September 19, 2007. The court minutes from the bench trial similarly indicate that counsel represented the Defendant at the bench trial. The March 10, 2008 minutes also note that the Defendant presented no proof at trial.

See State v. Ballard, 855 S.W.2d 557, 561 (Tenn. 1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Furthermore, the record clearly reflects that the Defendant waived his appeal of these convictions in consideration for a favorable sentencing disposition. Under these circumstances, we affirm the judgments of the trial court.

CONCLUSION

Based upon the foregoing, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE