IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 1, 2009

## STATE OF TENNESSEE v. JOHNATHAN NORMAN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 07-08370     W. Otis Higgs, Jr., Judge**

_____

**No. W2009-01071-CCA-R3-CD   -   Filed May 5, 2010**

_____

The defendant, Johnathan Norman, appeals the trial court's denial of his motion to withdraw guilty pleas that he entered to charges of (1) being a convicted felon in possession of a handgun, a Class E felony, and (2) unlawful possession of a controlled substance (marijuana), a Class A misdemeanor.  After careful review, we conclude that the defendant's motion to withdraw his pleas was not timely, and we affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the appellant, Johnathan Norman.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy P. Stempel, Assistant Attorney General; William L. Gibbons, District Attorney General; and Walter C. (Chris) Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

When the defendant was arrested on June 22, 2007, he had a handgun and drugs in his possession.  On March 20, 2008, he pled guilty to being a convicted felon in possession of a handgun, a Class E felony, and to unlawful possession of a controlled substance (marijuana), a Class A misdemeanor.  Judgments were entered the same day, and the defendant was sentenced to one year in the Workhouse for the Class E felony and to eleven months and twenty-nine days in the Workhouse for the Class A misdemeanor.

On April 24, 2008, the defendant filed a motion to withdraw his guilty pleas. To support his motion, he stated that he was indicted in federal court on April 22, 2008, and claimed he would not have entered the guilty pleas if he had been aware of the potential federal indictment. He contended that his guilty pleas would cause "serious consequences" in the federal case. Following a hearing on May 11, 2009, the trial court denied the motion to withdraw the guilty plea. The defendant filed a notice of appeal on May 15, 2009.

Analysis

Tennessee Rule of Criminal Procedure 32(f) controls the withdrawal of a guilty plea. The rule provides as follows:

Withdrawal of Guilty Plea

(1)     Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

(2)     After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f).

A judgment becomes final thirty days after entry unless a timely notice of appeal or other specified post-trial motion is filed. *State v. Green*, 106 S.W.3d 646, 649 (Tenn. 2003) (citing Tenn. R. App. P. 4(a) and (c)). In general, the trial court has no power to amend a judgment when it becomes final, and "the trial court is without jurisdiction to hear and decide a motion to withdraw a guilty plea after the judgment is final." *Green*, 106 S.W.3d at 649. Judgments made outside the court's jurisdiction are void.

In the instant case, the defendant entered guilty pleas on March 20, 2008, to (1) being a convicted felon in possession of a handgun and (2) unlawful possession of a controlled substance. While the record fails to include a transcript of the guilty plea hearing, the judgments in the record were entered on the same day the defendant pled guilty and include the defendant's sentences on each of the counts. Accordingly, the judgments became final thirty days later, on April 21, 2008. The defendant did not file his motion to withdraw the guilty plea until April 24, 2008. Pursuant to the Tennessee Rules of Criminal Procedure 32(f), a trial court can only grant a motion to withdraw a guilty plea before the sentence has been imposed or after the sentence is imposed but before the judgment becomes final. Here,

the defendant had been sentenced, and the judgments became final prior to the filing of the motion to withdraw the plea. Therefore, the trial court properly denied the motion.

The defendant also argues on appeal that the trial court abused its discretion when it executed judgments without a hearing on the petition to suspend sentence and immediately stayed the judgments. Specifically, the defendant appears to contend that he should have had a sentencing hearing following the entry of his plea. The defendant seems to contend that his sentence had not been imposed at the time he entered his guilty plea. However, the judgment forms in the record reflect that the defendant was sentenced on the day his guilty pleas were accepted. On appeal, he argues that he never received a hearing on his petition to suspend his sentence before the sentence was executed because that hearing was set on the same date that he filed his motion to withdraw his guilty plea. However, the defendant has not included his petition to suspend sentence or the transcript of the guilty plea hearing in the record on appeal. The record is not clear if the sentences were agreed upon as part of his plea agreement. The judgments are clear that the defendant was sentenced at the same time that he pled guilty and the judgments were entered. All of these events transpired on March 20, 2008. It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). Because the petition to suspend sentence is not part of the record, we are unable to review this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE