IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 20, 2010 Session

**STATE OF TENNESSEE v. JERRY LEN ANGUS**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2624      Mark J. Fishburn, Judge**

**No. M2009-01151-CCA-R3-CD - Filed December 1, 2010**

Defendant, Jerry Len Angus, was indicted in a seventeen-count indictment by the Davidson County Grand Jury for three counts of official misconduct in violation of Tenn. Code Ann. § 39-16-402, nine counts of sexual battery by an authority figure in violation of Tenn. Code Ann. § 39-13-527, four counts of statutory rape in violation of Tenn. Code Ann. § 39-13-506, and one count of rape in violation of Tenn. Code Ann. § 39-13-503.  Defendant was convicted by a jury of three counts of official misconduct, one count of attempt to commit sexual battery, a lesser-included offense of the charged offense of sexual battery, one count of sexual battery, and two counts of attempt to commit statutory rape, a lesser-included offense of statutory rape.  The jury did not consider eight counts of the indictment as the trial court granted judgments of acquittal at the close of the State's proof, and Defendant was acquitted by the jury of the remaining two counts.  Defendant filed a motion for new trial, and following a hearing, the trial court vacated his conviction for official misconduct in Count 1 of the indictment for insufficiency of the evidence.  The court granted a mistrial as to Defendant's conviction for attempted sexual battery in Count 4, his conviction for official misconduct in Count 8, and his conviction for sexual battery in Count 11.  In an amended order, the trial court also vacated Defendant's conviction for official misconduct in Count 3 of the indictment.  On appeal, Defendant asserts that the trial court's polling of the jury was improper and that he is entitled to a new trial.  Finding no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Jerry Len Angus.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; J.W. Hupp, Assistant District Attorney General; and Brian Holmgren, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The sole issue raised in this appeal is whether the two counts of attempt to commit statutory rape for which Defendant stands convicted should be vacated for lack of unanimity in the jury's verdict. Defendant alleges that his due process rights were violated by the procedure employed by the trial court in polling the jury after the verdict was announced. A summary of the facts leading to the convictions is not necessary to address the issue raised on appeal.

The record shows that following deliberations, the jury returned to the courtroom, and the trial court read the jury's verdict and *sua sponte* polled the jury. Defense counsel then requested individual polling because, according to him, "[Juror] Ms. Davis several times did not hold her hand up or only did it at the Court's prompting." During the individual polling by the trial court, it became apparent that another juror, Ms. Febo, did not agree, in part, with the verdict. Juror Febo stated as to Count 4 of the indictment, "My vote was different, but I vote guilty." The trial court sent the jury out and discussed the jury polling with counsel for Defendant and the State. The jury was brought back into the courtroom, and the trial court addressed the jury as follows:

> First of all, I'm going to start count four individual polling of the jurors over again.
>
> On an individual poll, each of you have to announce in open court for the record when I call your name whether or not the verdict, which I will read to you, is the verdict – is your verdict, is your individual verdict for each count. I need to hear that individually and independently by each of you. If any of you have confusion about what I'm asking, communicate with the Court. I've been – it's been represented that a verdict has been reached, I have taken the verdict based on the show of hands, but the law allows for individual polling. As of right now, your discussions and deliberations are over with. It is my responsibility to ensure both sides that a unanimous verdict has in fact been reached. I know you all have been under a lot of stress over a span of three different days working on an extremely difficult situation and I know that probably all of you are tired and nerves frazzled

and everything, so if that's not your verdict, I just need to know whatever it is so that I can then address that particular issue.

The court then resumed individual polling, and as to Count 4, charging Defendant with attempt to commit sexual battery by an authority figure, juror Davis indicated that she had voted guilty, but denied that guilty was her individual verdict. As to Count 5, charging Defendant with sexual battery, to which the jury had returned a verdict of not guilty, juror Davis again indicated that this was not her individual verdict. As to Count 8, all jurors affirmed the guilty verdict. As to Count 11, charging sexual battery, juror Davis again denied that her individual verdict was guilty. As to Counts 12 and 13, charging Defendant with statutory rape, all jurors affirmed the verdicts of guilty to the lesser-included offense of attempt to commit statutory rape. As to Count 17, charging rape, all of the jurors affirmed the not guilty verdict.

During the individual polling, juror Febo affirmed her individual verdict as to all of the above counts. After the trial court completed the individual polling, however, juror Febo indicated that she disagreed with some of the jury's verdicts. She stated, "What I wanted to say was, in some of them, I didn't agree, I didn't – my vote was not guilty, but because nobody felt the same way that I did, I had to vote guilty. There was no other way." Specifically, juror Febo told the trial court that as to Count 4, she did not agree with the jury's guilty verdict. The trial court again sent the jury out and addressed the issue with counsel. Counsel for Defendant made a motion for mistrial, which the trial court denied. When the jury was brought back in, the trial court once again individually polled jurors Febo and Davis only as to Counts 4, 5, 8, 11, 12, 13, and 17, and both jurors affirmed the verdicts of the jury.

### *Analysis*

Defendant contends, as to the two counts of attempted statutory rape for which he stands convicted, that "he did not receive a fair trial on these counts, nor was the verdict unanimous." Defendant asserts that he is entitled to a new trial on Counts 12 and 13. The State contends that because Defendant failed to object at trial or raise the issue of the impropriety of the trial court's polling procedure in his motion for new trial, the issue is waived. The State further asserts that because Defendant failed to provide a transcript or other record of the hearing on Defendant's motion for new trial, this Court must presume the trial court's ruling is correct.

Generally, where a party fails to include an issue in its motion for new trial, the issue is waived. Tenn. R. App. P. 3(e); *see State v. Walker*, 910 S.W.2d 381, 386 (Tenn. 1995). Also, it is the duty of the accused to provide a record which conveys a fair, accurate and

complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999).

The record before us does not contain a transcript of the hearing on Defendant's motion for new trial, and the transcript from the reading of the jury verdict and subsequent polling shows that defense counsel failed to object specifically to the polling procedure employed by the trial court. However, defense counsel moved the trial court to declare a mistrial after the court sent the jury out for the second time. Furthermore, in his motion for new trial, Defendant contends that the jury polling procedure employed by the trial court was improper. The motion states as grounds for a new trial, "[o]nce jurors announce the delivered verdict was not theirs, the only two options available to the Court are (1) a mistrial on those counts or (2) instructing the jury to continue its deliberations to a unanimous verdict. This Court did neither."

Tenn. R. App. P. 24(b) permits an appellant to file less than a complete transcript if the determination of the issues it intends to raise will not require the appellate court to review the entire transcript. We conclude that a transcript of the trial court's hearing on Defendant's motion for new trial is not necessary to determine the issue raised in this appeal. The record before us does contain a transcript of the trial proceedings as well as Defendant's motion for new trial and the trial court's order and amended order. We will, therefore, address this issue on the merits.

Tennessee Rule of Criminal Procedure 31(e) provides "After a verdict is returned but before the verdict is recorded, the court shall – on a party's request or on the court's own initiative – poll the jurors individually. If the poll indicates that there is not unanimous concurrence in the verdict, the court may discharge the jury or direct the jury to retire for further deliberations." Following the federal rule for guidance, a panel of this Court addressed the issue of jury polling, as an issue of first impression, in *State v. Clayton*, 131 S.W.3d 475 (Tenn. Crim. App. 2003):

> An examination of the application of Federal Rule of Criminal Procedure 31(d) reveals that a trial court's method of polling the jury is subject to an abuse of discretion standard. Additionally, federal courts have also noted that Rule 31(d) "invests that trial judge with a measure of discretion in assessing the impact of a dissenting vote during a jury poll, and the reasonable exercise of this discretion should be accorded proper deference by a reviewing court."

> * * * *

> Additionally, . . . ., it rests within the trial court's discretion to determine the manner of polling the jury. . . . Thus, it stands to reason that the trial court's determination of whether a juror's answer to the jury poll is equivocal is within the trial court's discretion.

*Id*. at 478-79 (citations omitted).

In that case, the trial court observed one juror's hesitation "for about five seconds" before her affirmation of the jury verdict. This Court concluded that the trial court did not interpret the juror's hesitation as her disagreement with the jury verdict. This Court further concluded, "[w]e discern no reason why the trial court, once satisfied with the unanimity of the verdict, should have conducted further inquiries." *Id*. at 479.

In this case, two members of the jury did more than hesitate. As the trial court observed in its order, "Ms. Febo and Ms. Davis voiced their disagreement with the verdict on several occasions before ultimately agreeing to the verdicts announced." The court further explained,

> The court had the opportunity to observe both jurors during the lengthy verdict process. The court observed the comments made towards Ms. Febo by another juror when she dissented from the verdict. The court also noted both jurors were shaking their heads when the original verdict was read and during individual polling. It is also not lost on the court that staff had to intervene with the jury when they were sent out the first time because of angry name-calling. Finally, the court recalls the general defeated demeanor of both jurors of having surrendered their individual convictions when they ultimately concurred with the announced verdict (heads down, somber voice and suddenly reticent attitude).

The court concluded, as to Counts 4, 5, 8, and 11, that both the repetitive polling and limiting the third polling to the two jurors in question could have compromised the integrity of the verdict process and "could have given the unintended effect of the court expressing its dissatisfaction with their dissent and giving them the opportunity to correct their misapprehension with the verdict." Therefore, the court ruled that the jury's verdicts as to Counts 4, 5, 8, and 11 were not unanimous and, accordingly, declared a mistrial as to those counts. The court also vacated Defendant's conviction in Count 3, as it was dependent upon a guilty verdict in Count 4. The trial court granted a new trial as to all of those counts.

Defendant contends that because of the lack of unanimity in the jury's verdicts as to the above counts, his convictions should be vacated in Counts 12 and 13 as well. The State

argues that the record does not support a finding that the jury's verdict as to Counts 12 and 13 was anything less than unanimous. We agree. The record shows that when individually polled, jurors Febo and Davis both affirmed the jury's verdict of guilty as to these two counts. There is nothing in the record to suggest that any of the jurors exhibited any disagreement with the verdict in Counts 12 and 13. Furthermore, the trial court, in its order, did not find any of the above indicators of juror dissent as to those counts. Accordingly, we conclude that the trial court did not err by declining to grant a new trial as to Counts 12 and 13.

## CONCLUSION

Based on our review of the record, the judgments of the trial court are affirmed.

_____

THOMAS T. WOODALL, JUDGE