# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned On Briefs June 28, 2011

## STATE OF TENNESSEE v. BILLY TATE, a/k/a JAMES MOORE, a/k/a LARRY MOORE

### Appeal from the Criminal Court for Hamilton County
### No. 272364    Don W. Poole, Judge

---

### No.  E2010-01336-CCA-R3-CD - Filed August 30, 2011

---

Appellant, Billy Tate, a/k/a James Moore, a/k/a Larry Moore, was indicted by the Hamilton County Grand Jury for burglary of a business and theft of property.  Appellant was convicted of burglary of a business and theft of property valued at more than $1,000.  As a result, Appellant was sentenced to twelve years of incarceration as a Career Offender.  The trial court denied a motion for new trial.  On appeal, Appellant complains that the trial court erred in denying the motion to suppress; the trial court erred in failing to grant a mistrial; and the trial court erred in admitting testimony about "bootprints" left at the scene of the crime. Because Appellant has failed to provide an adequate record for review on appeal, these issues are waived, and the judgments of the trial court are affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Lorrie Miller, Chattanooga, Tennessee, for the appellant, Billy Tate.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William H. Cox, III, District Attorney General; and Lance Pope, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

At the outset of our analysis, we note, as pointed out by the State, that Appellant has not included the transcript of the trial, the transcript of the hearing on the motion to suppress, or the transcript of the hearing on the motion for new trial in the appellate record. The record contains the judgments in addition to a pro se motion for new trial as well as a pro se motion to "set aside conviction and grant new trial based on new evidence," both filed in April of 2010. On June 10, 2010, Appellant filed a pro se notice of appeal. A second notice of appeal was filed by counsel for Appellant on June 29, 2010. Counsel for Appellant filed a "motion for judgment of acquittal or, in the alternative, motion for new trial" on July 8, 2010. The record herein contains an order filed November 29, 2010, denying the motion for new trial.

Pursuant to the Rules of Appellate Procedure, the Appellant is responsible for procuring the relevant transcripts and filing them within sixty days of the notice of appeal or notifying the trial court clerk that no transcript will be filed. Tenn. R. App. P. 24(b). Moreover, the Appellant is responsible for ensuring that a complete and adequate record is prepared and transmitted on appeal. *See, e.g., State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). If an incomplete record is presented to this Court, the Appellant risks waiving issues raised on appeal. *See, e.g., State v. Cindy L. Holder*, No. E2000-01191-CCA-R3-CD, 2003 WL 367244 (Tenn. Crim. App., at Jackson, Feb. 21, 2003); *State v. Roger Stephen Riner*, No. M2009-00579-CCA-R3-CD, 2010 WL 3719168, at *4-5 (Tenn. Crim. App., Sept. 23, 2010), *perm. app. denied*, (Tenn. Feb. 17, 2011). Further, a trial court loses jurisdiction with the filing of a notice of appeal. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996).

Appellant herein has been given ample opportunity, both at the beginning of this appeal and in response to the State's brief, to cure the defects in the record, but he has failed to do so. The alleged errors about which the Appellant complains would necessarily require this Court to review any transcript of the hearing on the motion for a new trial and the trial transcript. However, Appellant has not presented those items in the appellate record. He has therefore waived consideration of the issues he has presented on appeal.

*Conclusion*

For the foregoing reasons, Appellant has waived consideration of the issues on appeal. Accordingly, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE